*In re* LILIANA MORELL BERGANTIÑOS, querellada.

*Número:* CP-2015-2          *Resuelto:* 15 de junio de 2016

*Karla Z. Pacheco Álvarez*, subprocuradora general, y *Minnie H. Rodríguez López*, procuradora general auxiliar; *Lilliana Morell Bergantiños, pro se; Jeannette Ramos Buonomo*, comisionada especial.

PER CURIAM: La Oficina de la Procuradora General de Puerto Rico presentó una querella sobre conducta profesional contra la Lcda. Liliana Morell Bergantiños. La querella imputaba la violación a los Cánones 18 y 38 del Código de Ética Profesional.[1] Los hechos que originan estas imputaciones surgen como consecuencia de una queja sobre presuntas actuaciones que culminaron en la desestimación de la causa de acción de la quejosa. Por entender que el proceder de la letrada se apartó de lo que prescriben los referidos cánones, procede ejercer nuestra facultad disciplinaria. Veamos.

I

La Lcda. Liliana Morell Bergantiños (querellada o licenciada) fue admitida al ejercicio de la abogacía el 18 de enero de 1996 y al ejercicio del notariado el 29 de enero de 2004. El 3 de mayo de 2010 la Sra. María Silva Arroyo (señora Silva Arroyo o quejosa) presentó una queja contra la licenciada Morell Bergantiños. En síntesis, la señora Silva Arroyo alegó que el 18 de agosto de 2008 contrató los servicios de la licenciada Morell Bergantiños para que re-

___

[1] 4 LPRA Ap. IX.

presentara tanto a ella como a su esposo, el señor Rivera Camacho, en una acción de deslinde, reivindicación y daños, contra un vecino colindante. De acuerdo con la quejosa, la licenciada Morell Bergantiños faltó a su deber de diligencia en la tramitación del aludido caso. En lo atinente, señaló que el Tribunal de Primera Instancia desestimó con perjuicio su causa de acción por falta de trámite en los últimos seis meses. La quejosa aduce que luego de que la abogada le notificó la determinación del foro de primera instancia, esta le expresó su interés en apelar. Sin embargo, luego de presentar el correspondiente recurso de apelación, el Tribunal de Apelaciones lo denegó por falta de jurisdicción. Ello debido a que el recurso se presentó transcurridos 33 días desde la notificación de la sentencia. En atención a lo anterior, el 23 de agosto de 2013 emitimos una resolución mediante la cual referimos el asunto a la Oficina de la Procuradora General.

Así las cosas, el 23 de septiembre de 2013 la Oficina de la Procuradora General presentó su informe, en el cual señaló que la licenciada Morell Bergantiños incurrió en violaciones a los Cánones 18 y 38 del Código de Ética Profesional, *supra*. Visto el informe, mediante la Resolución del 25 de abril de 2014, ordenamos a la Oficina de la Procuradora General presentar la querella contra la licenciada Morell Bergantiños.

En cumplimiento con el mandato de este Tribunal, el 10 de febrero de 2015, la Oficina de la Procuradora General presentó la correspondiente querella. En esta imputó a la licenciada Morell Bergantiños la infracción a los Cánones 18 y 38 del Código de Ética Profesional, *supra*. La Oficina de la Procuradora General sostuvo que la licenciada Morell Bergantiños quebrantó los preceptos del Canon 18 al no ejercer el deber de diligencia, capacidad y responsabilidad requerida cuando el caso civil cuyo trámite le fue encomendado se archivó por falta de trámite y gestión de su parte. Asimismo, la Oficina de la Procuradora General señaló que

lo dispuesto en el Canon 38 fue trasgredido, toda vez que los hechos antes señalados incurrían en falta de responsabilidad, cuidado y diligencia de parte de la abogada en el desempeño de su profesión y en la protección de los intereses de su cliente, y, por ende, en nada exaltaba el honor y la dignidad de la profesión que ejerce.

Luego de varios trámites procesales, la licenciada Morell Bergantiños contestó la querella. En lo pertinente, expresó que luego de haber presentado la demanda le requirió a la señora Silva Arroyo la contratación de un perito ya que este era necesario para presentar efectivamente las alegaciones y contestar un interrogatorio cursado por la parte demandada mediante una reconvención. Sin embargo, adujo que luego de tal requerimiento perdió contacto con la señora Silva Arroyo ya que esta última dejó de comunicarse con su oficina. Ante esa circunstancia, alegó que el 21 de diciembre de 2008 solicitó una prórroga al Tribunal de Primera Instancia para dar tiempo a la quejosa de contratar el perito y continuar con el trámite de su caso. No obstante, señaló que el 6 de julio de 2009 contestó el interrogatorio luego de que "por fin, según [su] requerimiento" la señora Silva Arroyo pudo contratar al perito. Contestación de la Querella, 18 de mayo de 2015, pág. 2.

En vista de lo anterior, el 9 de julio de 2015 designamos a la Hon. Jeannette Ramos Buonomo, exjueza del Tribunal de Apelaciones, como Comisionada Especial para que recibiera la prueba y nos emitiera un informe con las determinaciones de hechos y recomendaciones que estimara pertinente. Celebrada la vista, la Comisionada Especial concluyó que la licenciada Morell Bergantiños contravino los Cánones 18 y 38 del Código de Ética Profesional, *supra*, al no desplegar la diligencia debida en el trámite de las causas de acción de la señora Silva Arroyo. Luego de evaluar los atenuantes y agravantes, nos recomendó censurar enérgicamente a la querellada y que le apercibiéramos sobre la posibilidad de imponerle una sanción más rigurosa

en un futuro. Luego de exponer el trasfondo fáctico y procesal que precede, enmarquemos esta controversia dentro del derecho aplicable.

## II

■ Consistentemente hemos expresado que "todo miembro de la profesión legal tiene el deber de defender los intereses de su cliente con un trato profesional caracterizado *por la mayor capacidad, lealtad, responsabilidad, efectividad y la más completa honradez*". (Énfasis suplido).[2] Asimismo hemos señalado que los abogados y las abogadas deben cumplir estrictamente con las exigencias plasmadas en los Cánones de Ética Profesional. En lo pertinente al caso ante nos, el Canon 18 establece que

> [s]erá impropio de un abogado asumir una representación profesional cuando está consciente de que no puede rendir una labor idónea competente y que no puede prepararse adecuadamente sin que ello apareje gastos o demoras irrazonables a su cliente o a la administración de la justicia.
>
> Es deber del abogado *defender los intereses del cliente diligentemente*, desplegando en cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable. (Énfasis suplido).

Este canon le impide al abogado o abogada actuar de forma indiferente y sin la diligencia requerida en dicho canon.[3] Al definir el término *diligencia*, se ha mencionado que "implica que el [abogado] realice las gestiones que le fueron encomendadas en momento oportuno, en forma adecuada y sin dilaciones que puedan afectar la pronta solución de la controversia".[4] Entre las situaciones prácticas

---

[2] *In re Meléndez Figueroa*, 166 DPR 199, 206 (2005). Véanse, además: *In re Alonso Santiago*, 165 DPR 555, 562–563 (2005); *In re Martínez Miranda*, 160 DPR 263, 266 (2003).

[3] *In re Pizarro Colón*, 151 DPR 94, 105 (2000).

[4] Véase *In re Amill Acosta*, 181 DPR 934, 940 (2011), citando a S. Steidel Figueroa, *Ética y responsabilidad del abogado*, San Juan, Pubs. JTS, 2010, pág. 179.

discutidas por este Tribunal y que ponen en evidencia una violación a este deber está el ejercer cualquier tipo de actuación negligente que resulte en la desestimación o archivo del caso.(5) Es por ello que el abogado tiene un deber de competencia, cuidado y diligencia que ha de ejercer al tramitar los asuntos encomendados por su cliente.(6) Por ende, "el letrado que acepta representar a un cliente, pero no hace gestión profesional con ese propósito, comete una violación ética".(7)

Por consiguiente, hemos sido enfáticos al reiterar el ineludible deber que tiene todo abogado y toda abogada de defender los intereses de su cliente con el compromiso de emplear "la mayor capacidad, lealtad, responsabilidad, efectividad y la más completa honradez".(8) Más aún, es indispensable que el abogado o abogada le indique al tribunal las gestiones que realizó para comunicarse con su cliente y solicitar oportunamente ser relevado de la representación legal, si ello fuera necesario.(9)

◼    Por otro lado, el Canon 38 del Código de Ética Profesional, *supra*, dispone que el abogado o la abogada "deberá esforzarse, al máximo de su capacidad, en la exaltación del honor y dignidad de su profesión, aunque el así hacerlo conlleve sacrificios personales y debe evitar hasta la apariencia de conducta profesional impropia". Además, este canon en lo pertinente dispone que "[p]or razón de la confianza en él depositada como miembro de la ilustre profesión legal, todo abogado, tanto en su vida privada como en el desempeño de su profesión, debe conducirse en forma digna y honorable". Por ello, en un sinnúmero de ocasio-

---

(5) Íd.

(6) *In re Reyes Coreano*, 190 DPR 739, 751 (2014).

(7) Íd., pág. 751.

(8) *In re Amill Acosta*, supra, pág. 939. Véanse, además: *In re Rivera Ramos*, 178 DPR 651, 664 (2010); *In re Cuevas Velázquez*, 174 DPR 433, 442 (2008).

(9) *In re Ramos Hernández*, 183 DPR 647, 655 (2011); *In re Muñoz Morell*, 182 DPR 738, 752 (2011).

nes "hemos señalado que cada abogado representa la profesión y debe actuar con el más escrupuloso sentido de responsabilidad que impone la función social que ejerce".[10]

■ Por otra parte, en *In re Rivera Nazario*, 193 DPR 573, 587 (2015), este Tribunal señaló que al considerar la sanción por una violación a los cánones de ética profesional se podían tomar en consideración los factores siguientes: (i) la buena reputación del abogado en la comunidad; (ii) su historial previo; (iii) si esta constituye su primera falta y si ninguna parte ha resultado perjudicada; (iv) la aceptación de la falta y su sincero arrepentimiento; (v) si se trata de una conducta aislada; (vi) el ánimo de lucro que medió en su actuación; (vii) el resarcimiento al cliente, y (viii) cualesquiera otras consideraciones, ya bien atenuantes o agravantes, que medien según los hechos.[11]

■ Asimismo, hemos expresado que las determinaciones de hechos realizadas por un Comisionado Especial merecen nuestra deferencia, salvo que se demuestre pasión, prejuicio, parcialidad o error manifiesto en su apreciación de la prueba.[12] No obstante, dicha deferencia aplica cuando las determinaciones de hechos están basadas en prueba testifical, pues es cuando el Comisionado Especial se encuentra en una mejor posición para aquilatar la prueba.[13] Empero, "cuando esas determinaciones estén basadas en la prueba documental que obra en el expediente, el tribunal revisor está en igual posición que el Comisionado Especial y por ende puede adoptar, modificar o rechazar tal informe".[14] Por tal razón, este Tribunal no

---

[10] *In re Morales Lozada*, 192 DPR 239, 244 (2015); *In re Guemárez Santiago*, 191 DPR 611, 620 (2014); *In re Santiago Ríos*, 172 DPR 802, 822 (2007); *In re Quiñones Ayala*, 165 DPR 138, 145 (2005); *In re Silvagnoli Collazo*, 154 DPR 533, 541 (2001); *In re Ortiz Brunet*, 152 DPR 542, 556 (2000).

[11] *In re Cotto Luna*, 187 DPR 584, 593 (2012); *In re Plaud González*, 181 DPR 874, 887–888 (2011).

[12] *In re Vera Vélez*, 192 DPR 216, 228 (2015).

[13] Íd.; *In re González Ortiz*, 162 DPR 80, 85 (2004).

[14] *In re García Ortiz*, 187 DPR 507, 521 (2012).

tiene la obligación de sostener el informe presentado por un Comisionado Especial.[15]

Establecido el marco doctrinal aplicable, procedemos a determinar si la querellada incurrió en las violaciones imputadas.

## III

Luego de evaluar con detenimiento el expediente, coincidimos con la Comisionada Especial en cuanto a que la licenciada Morell Bergantiños infringió lo dispuesto en los Cánones 18 y 38 del Código de Ética Profesional, *supra*. Según lo expuesto, la licenciada Morell Bergantiños justificó su falta de diligencia por el hecho de que la señora Silva Arroyo dejó de comunicarse con su oficina. A tales efectos, no podemos avalar su justificación por no haber dado seguimiento al trámite del pleito que tenía ante sí. El hecho de que la quejosa hubiera dejado de comunicarse con su oficina no es motivo para desentenderse de la causa de acción de su cliente. En este sentido, en *In re Muñoz, Morell*, 182 DPR 738 (2011), ante el incumplimiento de un abogado con su deber de informar los asuntos importantes del caso, expresamos que este no queda eximido de tal responsabilidad por el hecho de que el cliente se tornó inaccesible.[16] Ante esta circunstancia, es necesario que el abogado o la abogada le indique al tribunal las gestiones que realizó para comunicarse con su cliente.[17]

Además, surge del expediente y de la prueba recibida que, en efecto, existía comunicación entre la quejosa y la querellada. Así, los correos electrónicos que obran en autos contradicen las alegaciones de la licenciada Morell Bergan-

---

[15] *In re Vera Vélez*, supra, pág. 228; *In re De León Rodríguez*, 190 DPR 378 (2014); *In re García Ortiz*, supra, pág. 521; *In re García Aguirre*, 175 DPR 433, 442 (2009).

[16] *In re Muñoz Morell*, supra, pág. 758.

[17] Íd.

tiños en cuanto a que perdió comunicación con la señora Silva Arroyo. La prueba demostró que la letrada no se desempeñó de forma competente, capaz y diligente al ni siquiera mantener informado al Tribunal de Primera Instancia de las dificultades que enfrentaba para lograr la cooperación oportuna de parte de su cliente. Al no hacerlo, incumplió con el término dispuesto para que se adjudicara el caso, lo que, eventualmente, desembocó en la desestimación de la demanda. Ante esta situación, la querellada debió solicitar el relevo de la representación legal. De los hechos se desprende que no solo los trámites fueron inoportunos, sino que las gestiones llevadas a cabo resultaron infructuosas, insuficientes e ineficaces. Ciertamente, su desempeño dista mucho de ser responsable, diligente y competente como lo exigen los cánones de ética profesional que rigen a la clase togada. En atención a lo anterior, compartimos el criterio de la Comisionada Especial en el sentido de que la querellada quebrantó los preceptos del citado Canon 38 ya que con este proceder la licenciada Morell Bergantiños en nada exaltó ni preservó el honor y la dignidad de la profesión jurídica, conforme lo requiere el mencionado precepto ético.

Cónsono con los hechos del caso ante nos, colegimos que la licenciada Morell Bergantiños faltó a los deberes impuestos por los Cánones 18 y 38 del Código de Ética Profesional, *supra*. Así, la falta de diligencia de la licenciada Morell Bergantiños se manifestó al no actuar con la diligencia requerida en la tramitación de la causa de acción civil llevada en favor de su cliente. Esto hizo que el caso se desestimara con perjuicio y que posteriormente fuera desestimado en el foro apelativo intermedio por falta de jurisdicción. De un examen del expediente ante este Tribunal surge claramente que las determinaciones de hecho de la Comisionada Especial se sostienen con la evidencia que tuvo ante su consideración. Al respecto, no se demostró que hubo pasión, prejuicio, parcialidad o error manifiesto en

las determinaciones realizadas por la Comisionada. En consecuencia, no existe razón para intervenir, ni mucho menos alterar, las determinaciones emitidas por esta. No obstante, ante el cuadro descrito y según nuestra facultad, nos vemos obligados a declinar la recomendación de la Comisionada en lo concerniente a la sanción de censura enérgica. Conceder tal solicitud, a la luz de las circunstancias particulares de este caso, tendría el peligroso efecto de soslayar un dictamen ético cuando la prueba demostró un claro y reiterado incumplimiento con los preceptos éticos que rigen la profesión jurídica.

Por tal razón, *procede que ejerzamos nuestra facultad inherente de regular la profesión y suspendamos del ejercicio de la abogacía y de la práctica de la notaría a la licenciada Morell Bergantiños. Entendemos que aunque la letrada aceptó su error y expresó estar arrepentida, ello no es óbice para que este Tribunal le imponga una sanción más rigurosa.*

## IV

Considerado todo lo anterior, *procedemos a suspender a la licenciada Morell Bergantiños del ejercicio de la abogacía y de la notaría por el término de tres meses.*

*La señora Morell Bergantiños deberá notificar a todos sus clientes de su inhabilidad de seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados, devolverles los expedientes de casos pendientes e informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga algún caso pendiente. Además, tiene la obligación de acreditar y certificar a este Tribunal el cumplimiento con lo anterior en un término de 30 días, contados a partir de la notificación de esta opinión "per curiam" y sentencia. Por su parte, se le ordena al Alguacil de este Tribunal incautar inmediatamente la obra protocolar y el sello notarial de la señora*

*Morell Bergantiños y entregarlos al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe. Notifíquese personalmente esta opinión "per curiam" y sentencia a la Sra. Liliana Morell Bergantiños a través de la oficina del Alguacil de este Tribunal.*

*Se dictará sentencia de conformidad.*

La Jueza Presidenta Oronoz Rodríguez ordenaría la suspensión de la querellada de la práctica de la abogacía por el término de un mes. Esto debido a que de los hechos particulares de este caso, unido a que esta licenciada nunca ha sido sancionada anteriormente por este Tribunal, no se justifica una sanción más severa. La Jueza Asociada Señora Pabón Charneco y el Juez Asociado Señor Kolthoff Caraballo no intervinieron.