EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Julio Díaz Rosado<br>(TS-15,898) | 2017 TSPR 110<br><br>198 DPR ____ |

Número del Caso: CP-2015-13


Fecha:   13 de junio de 2017


Abogada del querellado:

        Por derecho propio


Oficina del Procurador General:

        Lcda. Karla Pacheco Álvarez
        Subprocuradora General

        Lcda. Minnie H. Rodríguez López
        Procuradora General Auxiliar


Comisionado Especial:

        Hon. Wilfredo Alicea López


Materia:   La suspensión será efectiva el 20 de junio de 2017, fecha en que se le notificó al abogado de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In Re:

Julio Díaz Rosado          CP-2015-13
    (TS-15,898)

*PER CURIAM*

En San Juan, Puerto Rico, a 13 de junio de 2017.

Nuevamente, nos vemos obligados a disciplinar a un miembro de la profesión legal por vulnerar sus deberes hacia su cliente. Los hechos que dieron inicio a este procedimiento disciplinario son los siguientes.

I

El 23 de julio de 2012, el Sr. Wilfredo Rodríguez Arboleda (señor Rodríguez Arboleda o quejoso) presentó una queja contra el Lcdo. Julio Díaz Rosado.[1] Alegó que el licenciado fue negligente

---

[1] El Lcdo. Julio Díaz Rosado fue admitido al ejercicio de la abogacía el 29 de agosto de 2006 y prestó juramento como notario el 11 de octubre del mismo año.

en el desempeño de sus funciones, pues permitió que se dictase sentencia en rebeldía en su contra.[2] Añadió que el licenciado presentó una solicitud de relevo de sentencia en la que esbozó una teoría jurídica incorrecta, lo cual ocasionó que se le responsabilizase por el dictamen sin permitirle levantar sus defensas. Además, planteó que perdió su derecho a revisar el pronunciamiento porque el letrado presentó su recurso de apelación fuera de término.

El 24 de agosto de 2012, el licenciado Díaz Rosado presentó su contestación a la queja. Por un lado, explicó que le indicó al quejoso que no tenía defensa para la acción en cobro de dinero, pero que existía la posibilidad de que la reclamación estuviese prescrita, lo cual dependería de la prueba que presentase la parte demandante. Por otro lado, señaló que no se le notificó la sentencia, por lo que afirmó que la determinación del foro primario lo tomó por sorpresa.

En ese contexto, expresó que protegió los intereses de su cliente, pues solicitó el relevo de la sentencia tan pronto se enteró del dictamen. Relató que el tribunal dejó sin efecto el pronunciamiento y señaló una vista para pautar los procedimientos, pero indicó que posteriormente lo reinstaló mediante sentencia. Explicó que presentó una moción de reconsideración que fue denegada, por lo que acudió al Tribunal de Apelaciones mediante un auto de *certiorari*.

---

[2] En específico, el Sr. Wilfredo Rodríguez Arboleda relató que se enteró del dictamen cuando la representación legal de la parte demandante le notificó copia de la sentencia. *Queja*, pág. 1.

Aceptó que presentó el recurso un día después de haber vencido el término correspondiente, pero alegó que la tardanza se debió al cúmulo de trabajo que se le asignó como abogado de oficio, lo cual a su juicio constituía justa causa para la demora. Así, explicó que el Tribunal de Apelaciones desestimó su recurso porque lo acogió como una apelación, y argumentó que el *certiorari* era el vehículo apropiado para revisar el dictamen, por lo que planteó que las alegaciones del quejoso presentaban un asunto de derecho que no debía ser atendido en la esfera disciplinaria.

Posteriormente, referimos la queja a la Oficina de la Procuradora General y le concedimos un término de veinte días para que rindiese su informe, el cual presentó el 28 de marzo de 2014. En este, concluyó que el letrado incurrió en posibles violaciones a los Cánones 18 y 38 del Código de Ética Profesional, infra, al no indagar sobre el estado de los procedimientos; al permitir que se dictase sentencia en rebeldía en contra de su cliente, y al presentar un recurso apelativo fuera del término correspondiente.[3] Además, resaltó que las notificaciones se cursaron a la dirección que el licenciado incluía en sus escritos, por lo que no existía razón para colegir que éstas no llegaron a su destino.[4]

Por su parte, el licenciado Díaz Rosado presentó una *Moción en Reacción al Informe de la Procuradora General*, en la cual reiteró que no recibió las notificaciones, ya que éstas se le enviaron a una dirección incorrecta. Ello, pues

---

[3] *Informe de la Procuradora General*, pág. 4.
[4] Íd.

el tribunal le notificó a la "60-E Calle Esteban González, Bayamón, PR 00959", mientras que su oficina ubicaba en la calle Esteban Padilla.[5] Por otro lado, insistió en que la determinación del Tribunal de Apelaciones de acoger como apelación su recurso de *certiorari* constituía una controversia de derecho que no ameritaba el inicio de un procedimiento disciplinario, por lo que solicitó que se ordenase el archivo de la queja.

Tras evaluar el informe de la Procuradora General y la réplica del letrado, ordenamos la presentación de una querella contra el licenciado. En cumplimiento con nuestra orden, la Oficina de la Procuradora General presentó la querella de epígrafe, en la cual le imputó al licenciado haber infringido los Cánones 18 y 38 del Código de Ética Profesional, infra, por no defender adecuadamente los intereses de su cliente.

El 29 de agosto de 2015, el licenciado Díaz Rosado presentó su contestación a la querella. En esencia, reiteró los argumentos que esbozó en sus escritos anteriores sobre la notificación defectuosa de las determinaciones judiciales y la presentación tardía del recurso apelativo.

El 26 de enero de 2016, nombramos a un Comisionado Especial para que recibiese la prueba y formulase las determinaciones de hecho y recomendaciones que estimase pertinentes. Luego de los trámites de rigor, el Comisionado Especial presentó su informe, en el cual concluyó que el

---

[5] *Moción en Reacción al Informe de la Procuradora General*, pág. 8.

licenciado cometió las faltas imputadas. A pesar de que reconoció que las notificaciones se cursaron a una dirección incorrecta, el Comisionado estimó que el licenciado debió ser más diligente en el desempeño de sus funciones. En ese contexto, resaltó que el letrado descansó exclusivamente en las notificaciones para organizar su calendario y no realizó ninguna gestión en el pleito hasta que solicitó el relevo de la sentencia. Asimismo, recalcó que el recurso apelativo se presentó fuera de término independientemente de si se trataba de una apelación o de un *certiorari*.

II

El Código de Ética Profesional, 4 LPRA Ap. IX, pauta las normas mínimas de conducta que deben seguir los abogados en el desempeño de sus funciones. In re Nazario Díaz, 195 DPR 623, 634 (2016); In re Guemárez Santiago, 191 DPR 611, 617-618 (2014). Ello, con el propósito de garantizar un comportamiento ejemplar por parte de los letrados que beneficie a la ciudadanía, a la profesión y a las instituciones de justicia. In re Ortiz, Rivera, 195 DPR 122, 131 (2016); In re Soto Charraire, 186 DPR 1019, 1027 (2012).

El Canon 18 del Código de Ética Profesional, 4 LPRA Ap. IX, requiere que todo abogado defienda los intereses de su cliente de forma capaz y diligente. In re Pietri Torres, 191 DPR 482, 488 (2014). Así, cualquier actuación negligente por parte de un licenciado que pueda conllevar, o en efecto conlleve, la desestimación o el archivo de un caso configura una violación a este canon. In re Miranda

Daleccio, 193 DPR 753, 763 (2015); In re Rivera Nazario, 193 DPR 573, 583 (2015). De igual forma, un letrado infringe el Canon 18, supra, cuando abandona o desatiende la causa de acción de su cliente. In re Armenteros Chervoni, 195 DPR 693, 701 (2016); In re Santos Cruz, 193 DPR 224, 229 (2015).

Por su parte, el Canon 38 de Ética Profesional, 4 LPRA Ap. IX, exige que el abogado se empeñe al máximo de su capacidad en la exaltación del honor y la dignidad de la profesión. In re Morales Lozada, 192 DPR 239, 243 (2015). "La responsabilidad ética y moral que rige la profesión legal requiere que todo abogado examine continuamente su comportamiento, pues 'los abogados son el espejo donde se refleja la imagen de la profesión'". In re Prado Galarza, 195 DPR 894, 906 (2016)(citando a In re Rodríguez Vázquez, 176 DPR 168, 177 (2009)). Por ello, en reiteradas ocasiones hemos señalado que todo abogado debe actuar "con el más escrupuloso sentido de responsabilidad que impone la función social que ejerce". In re Sierra Arce, 192 DPR 140, 148 (2014); In re Quiñones Ayala, 165 DPR 138, 145 (2005).

III

Según surge del expediente, el 3 de junio de 2010, el licenciado Díaz Rosado asumió la representación legal del quejoso y presentó una moción de prórroga para contestar la demanda. Sin embargo, el letrado abandonó el caso luego de presentar dicho escrito, por lo que, el 21 de septiembre de 2010, el tribunal dictó sentencia en rebeldía en contra de su cliente.

A pesar de lo anterior, el licenciado Díaz Rosado no tomó ninguna acción afirmativa en el pleito hasta el 6 de julio del 2011, cuando solicitó el relevo de la sentencia. Inicialmente, el foro primario dejó sin efecto el pronunciamiento, pero posteriormente lo reinstaló mediante sentencia.[6]

Así, el 9 de diciembre de 2011, un día después de haber vencido el término correspondiente, el licenciado Díaz Rosado presentó un recurso de *certiorari* ante el Tribunal de Apelaciones y alegó como justa causa el cúmulo de trabajo que se le asignó como abogado de oficio.[7] El Tribunal de Apelaciones acogió el recurso como apelación y lo desestimó por falta de jurisdicción.

Como vimos, el licenciado Díaz Rosado atribuye su falta de diligencia en la tramitación del caso ante el foro primario a las notificaciones defectuosas que le cursó el tribunal. Es decir, el letrado sostiene que no incurrió en una falta ética porque la Secretaría del Tribunal de Primera Instancia le remitió las notificaciones a una dirección incorrecta.

Si bien es cierto que las notificaciones se enviaron a una dirección equivocada, la realidad del caso es que el licenciado permitió que transcurriese más de un año desde que asumió la representación legal del quejoso sin realizar

---

[6] Según se desprende del expediente, la sentencia se notificó el 10 de octubre de 2011. *Informe del Comisionado Especial*, pág. 6.
[7] El licenciado Díaz Rosado presentó una moción de reconsideración ante el foro primario, la cual fue denegada mediante una resolución notificada el 8 de noviembre de 2011. Íd., pág. 7.

gestión alguna en el pleito.[8] Como es sabido, el Canon 18 del Código de Ética Profesional, <u>supra</u>, exige que los abogados actúen "en aquella forma que la profesión jurídica en general estima adecuada y responsable". Véase <u>In re Morell Bergantiños</u>, 195 DPR 759, 763 (2016); <u>In re Nieves Nieves</u>, 181 DPR 25, 37 (2011). Así, ante la falta de notificación por parte del tribunal, el licenciado debió haber indagado sobre el estado de los procedimientos, por lo que su conducta infringió el Canon 18, <u>supra</u>. De igual forma, su comportamiento también vulneró el Canon 38, <u>supra</u>, pues no exaltó el honor y la dignidad de la profesión.

Por otro lado, el licenciado plantea que la determinación del Tribunal de Apelaciones de acoger su recurso como apelación constituye una controversia de derecho que no activa nuestra jurisdicción disciplinaria. Ello pues, en un ejercicio de su juicio profesional, consideró que el *certiorari* era el vehículo procesal apropiado para revisar el dictamen, por lo que argumenta que la desestimación no fue producto de su negligencia. En ese contexto, afirma que la carga de trabajo que se le asignó como abogado de oficio constituye justa causa para la demora.

Al escoger presentar su recurso de *certiorari* un día después de transcurrido el término correspondiente, el licenciado Díaz Rosado pasó por alto la posibilidad de que el Tribunal de Apelaciones lo acogiese como apelación —que

---

[8] En específico, las notificaciones se cursaron a la calle Esteban González, en vez de a la calle Esteban Padilla. <u>Íd.</u>, pág. 5.

era lo procedente en derecho- y lo desestimase por falta de jurisdicción.[9] Como indicamos previamente, toda actuación que pueda conllevar, o en efecto conlleve, la desestimación o el archivo de un caso configura una violación al Canon 18, supra. In re Miranda Daleccio, 193 DPR 753, 763 (2015); In re Rivera Nazario, 193 DPR 573, 583 (2015). Por lo tanto, su falta de diligencia durante el trámite apelativo también configuró un quebranto a los Cánones 18 y 38 del Código de Ética Profesional, supra.

IV

Habiendo concluido que el licenciado vulneró los Cánones 18 y 38 del Código de Ética Profesional, supra, nos resta determinar cuál es la sanción correspondiente. A tales efectos, debemos considerar: el historial previo del abogado; su reputación en la comunidad; si esta constituye su primera falta y si alguna parte resultó perjudicada; la aceptación de la falta y su sincero arrepentimiento; si la conducta se realizó con ánimo de lucro; si se trata de un comportamiento aislado; el resarcimiento al cliente, y cualquier otra consideración pertinente a los hechos. In re Morell Bergantiños, supra, pág. 765; In re Rivera Nazario, supra, pág. 587.

En ocasiones anteriores, hemos sancionado conducta similar a la incurrida por el licenciado Díaz Rosado con una suspensión de tres meses. Véase In re Morell Bergantiños,

---

[9] De todos modos, la carga laboral de un abogado no constituye justa causa para la presentación tardía de un recurso. Véase In re Dávila Toro, 179 DPR 833, 844 (2010).

supra; In re Ramos Hernández, 183 DPR 647 (2011); In re Amill Acosta, 181 DPR 934 (2011). Sin embargo, el Comisionado Especial recomienda que impongamos una sanción "leve o moderada", ya que el licenciado goza de buena reputación en la comunidad, ha ejercido la profesión por más de diez años sin ser objeto de algún procedimiento disciplinario y participa frecuentemente en los casos criminales de oficio que se le asignan.[10]

En vista de lo anterior, suspendemos inmediatamente al Lcdo. Julio Díaz Rosado del ejercicio de la abogacía y de la notaría por el término de un mes.

En consecuencia, el señor Díaz Rosado deberá notificar a todos sus clientes de su inhabilidad para continuar representándolos y, de proceder, devolver los honorarios que haya recibido para servicios profesionales que no podrá realizar. De igual forma, deberá informar inmediatamente de su suspensión a cualquier foro judicial o administrativo ante el cual tenga algún asunto pendiente. Además, deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días contados a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. No hacerlo pudiere acarrear que no se le reinstale cuando lo solicite.

El Alguacil de este Tribunal procederá de inmediato a incautar la obra notarial del señor Díaz Rosado y la

---

[10] *Informe del Comisionado Especial*, pág. 11.

entregará a la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Notifíquese personalmente al licenciado Díaz Rosado esta Opinión *Per Curiam* y Sentencia.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


In Re:


Julio Díaz Rosado                    CP-2015-13
    (TS-15,898)



SENTENCIA


En San Juan, Puerto Rico, a 13 de junio de 2017.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se suspende inmediatamente al Lcdo. Julio Díaz Rosado del ejercicio de la abogacía y notaría por un término de un mes.

Se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos y devolverles cualesquiera honorarios recibidos por trabajos no realizados. Deberá además informar inmediatamente de su suspensión a los foros judiciales y administrativos en que tenga asuntos pendientes. Por último, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de 30 días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. No hacerlo pudiere acarrear que no se le reinstale cuando lo solicite.

El Alguacil de este Tribunal deberá incautar la obra y el sello notarial del señor Díaz Rosado y entregarlos al Director de la Oficina de Inspección de Notarías para el examen e informe correspondiente a este foro.

Notifíquese personalmente.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Martínez Torres concurre sin opinión escrita. El Juez Asociado señor Rivera García concurre con el resultado y hace constar la siguiente expresión:

> El Juez Asociado señor Rivera García concurre con el resultado de suspender al licenciado Díaz Rosado del ejercicio de la abogacía y la notaría. Ahora bien, lo suspendería del ejercicio de la profesión por el término de tres (3) meses.

El Juez Asociado señor Colón Pérez hace constar la siguiente expresión:

> El Juez Asociado señor Colón Pérez concurre con el resultado al que llega una mayoría de este Tribunal por entender que, si bien procede la suspensión del licenciado Julio Díaz Rosado del ejercicio de la abogacía y la notaría, a juicio de éste, la conducta desplegada por el referido letrado, la cual se aparta de lo dispuesto en los Cánones 18 y 38 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, debe conllevar su suspensión del ejercicio de la profesión por un término mínimo de tres (3) meses. Véase, de forma análoga y a modo de ejemplo, como bien se señala en la Opinión *Per Curiam*, lo resuelto por este Tribunal en *In re: Morell Bergantiños*, 195 D.P.R. 759 (2016); *In re: Ramos Hernández*, 183 D.P.R. 647 (2011); *In re: Amill Acosta*, 181 D.P.R. 934 (2011).
>
> Abona a su conclusión el hecho de que, en el presente caso, el quejoso quedó irremediablemente afectado por la conducta negligente del licenciado Díaz Rosado, ya que por las acciones de éste último no tan solo se le anotó la rebeldía en un caso ante el Tribunal de Primera Instancia y se dictó sentencia en su contra, sino que también perdió su derecho a revisar, ante el foro apelativo intermedio, dicha sentencia, quedando así desprovisto de remedios para atender su particular situación. Tal errado y negligente proceder no deber ser condenado con la laxa sanción de un (1) mes de suspensión del ejercicio de la abogacía y la notaría. Los atenuantes invocados para la reducción de la sanción a tan breve término no nos convencen.

La Jueza Asociada señora Pabón Charneco y el Juez Asociado señor Kolthoff Caraballo no intervinieron.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo