EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br><br>Héctor A. Lugo Quiñones<br>(TS-7137) | 2021 TSPR 02<br><br>205 DPR \_\_\_\_\_ |

Número del Caso: CP-2017-14

Fecha: 12 de enero de 2021

Oficina del Procurador General:

        Lcdo. Isaías Sánchez Báez
        Procurador General

        Lcdo. Joseph G. Feldstein Del Valle
        Subprocurador General

        Lcda. Lorena Cortés Rivera
        Subprocuradora General

        Lcda. Minnie H. Rodríguez López
        Procuradora General Auxiliar

Comisionada Especial:

        Hon. Ygrí Rivera de Martínez

Abogado del Querellado:

        Lcdo. Marco Rosado Conde

Materia: La suspensión de será efectiva el 14 de enero de 2021, fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

Héctor A. Lugo Quiñones
     (TS-7137)               CP-2017-0014

*PER CURIAM*

En San Juan, Puerto Rico, a 12 de enero de 2021.

Una vez más nos vemos obligados a suspender a un miembro de la profesión legal del ejercicio de la abogacía y la notaría. En esta ocasión, por su infracción a los Cánones 9, 12, 18, 19, 35 y 38 de Ética Profesional, *infra*. Veamos.

I.

El Lcdo. Héctor A. Lugo Quiñones (en adelante, "licenciado Lugo Quiñones") fue admitido al ejercicio de la abogacía el 15 de mayo de 1981 y al ejercicio de la notaría el 10 de junio de 1981.

El 9 de junio de 2015, el señor Eliesel González Oyola (en adelante, "señor González Oyola") presentó una queja ética en contra del licenciado Lugo Quiñones (AB-2015-0197), en la que alegó que contrató los

servicios de éste para que lo representara en cierto caso sobre división de sociedad legal de bienes gananciales. Ello, luego de que, alegadamente, su exesposa, -- la señora Olga M. Román Torres --, incumpliera con determinado acuerdo, a través del cual ésta cedería a sus hijos el cincuenta por ciento (50%) de su participación en uno de los inmuebles que formaba parte de la sociedad legal de bienes gananciales.

Así las cosas, y tras haberle entregado al referido letrado dos mil dólares ($2,000.00) de los cuatro mil dólares ($4,000.00) acordados como parte de los honorarios de abogado para que éste lo representara en el referido caso, el señor González Oyola sostuvo que el licenciado Lugo Quiñones no lo mantenía informado sobre los pormenores del caso ni se comunicaba con él. De igual forma, en su queja, éste arguyó que la información que obtenía relacionada al caso era a través de terceras personas y no de su representante legal.

De otra parte, pero también relacionado con su queja, el señor González Oyola señaló que, en la última vista del caso sobre división de la comunidad de bienes gananciales para el cual contrató al licenciado Lugo Quiñones, el Tribunal de Primera Instancia le requirió a las partes que sometieran un memorando de derecho en el cual expusieran sus teorías del caso, ello en aras de dicho foro poder emitir su decisión, gestión que el licenciado Lugo

Quiñones no hizo. Lo anterior, a pesar de haberle expresado a éste que sí lo había hecho.

Por último, el señor González Oyola adujo en su queja que el 22 de mayo de 2015 advino en conocimiento que su propiedad -- el inmueble en controversia en el litigio para el cual éste contrató al licenciado Lugo Quiñones -- estaba en venta. Ello, luego de que su hermano le remitiera copia de la *Sentencia* emitida por el Tribunal de Primera Instancia el 26 de marzo de 2015 en el mencionado caso. Enterado de ello, el señor González Oyola increpó sobre el asunto al referido letrado, quien le indicó no haber recibido copia de la determinación del foro primario.[1]

Recibida la queja en su contra, y luego de dos (2) comunicaciones y una *Resolución* por parte de esta Curia concediéndole un término final para contestar la misma, el licenciado Lugo Quiñones compareció ante nos. En su contestación, afirmó haber sido contratado por el señor González Oyola para que lo representara en el caso objeto del presente proceso disciplinario. Expresó que, para ello, recibió dos mil dólares ($2,000.000) en honorarios de abogado de los cuatro mil dólares ($4,000.00) acordados.

---

[1] Surge de la referida *Sentencia* que el licenciado Lugo Quiñones no presentó el memorando al que hicimos referencia anteriormente, según ordenado por el Tribunal de Primera Instancia en dos (2) ocasiones. Además, y ante el petitorio de la parte demandante, en su determinación el foro primario le impuso al demandado -- el promovente de esta queja -- el pago de mil dólares ($1,000.00) en honorarios de abogado por temeridad a favor de la parte demandante.

Por otro lado, en cuanto al memorando de derecho relacionado con su caso, y solicitado por el Tribunal de Primera Instancia, al cual hace referencia el señor González Oyola, el referido letrado aceptó no haberlo presentado y justificó su omisión en que no encontró jurisprudencia alguna que sostuviera la postura de su cliente, por lo que optó por no someter el escrito, pues no tenía nada más que añadir a lo ya expuesto. Dicha decisión no fue informada o consultada con su cliente.

De otra parte, ante la alegación de que le había confirmado al señor González Oyola haber sometido el memorando en cuestión, el licenciado Lugo Quiñones expresó que se refería a cierta exposición contenida en el *Informe sobre Conferencia Preliminar entre Abogados* y no al memorando de derecho como tal. Asimismo, el referido letrado sostuvo que, por no tener conocimiento de la *Sentencia* emitida, no pudo conversar con su cliente respecto a la misma.

Por último, el licenciado Lugo Quiñones afirmó que, cuando el promovente lo llamaba, este no podía atenderlo porque estaba en alguna reunión o en el tribunal. Expresó, además, que no había razón ni justificación para devolver los honorarios recibidos, debido al trabajo realizado.

Así pues, este Tribunal refirió el asunto a la Oficina del Procurador General para que investigara y rindiera el informe correspondiente a la queja AB-2015-0197. En

cumplimiento con lo anterior, el 31 de marzo de 2016 la referida dependencia gubernamental presentó el respectivo *Informe*, en el cual concluyó que el licenciado Lugo Quiñones incurrió en violación de los Cánones 9, 18, 19, 35 y 38 del Código de Ética Profesional, *infra*.[2]

Oportunamente, el licenciado Lugo Quiñones presentó su contestación al referido Informe. En esencia, éste esbozó argumentos similares a aquellos expresados en su contestación a la queja.

Luego de examinar el mencionado *Informe*, así como la contestación del licenciado Lugo Quiñones, el 15 de diciembre de 2016 este Tribunal ordenó a la Oficina del Procurador General presentar la correspondiente querella. La misma fue presentada el 6 de julio de 2017.

En síntesis, la Oficina del Procurador General formuló los siguientes cargos en contra del licenciado Lugo Quiñones:

**A. Cargos I y II**

La Oficina del Procurador General razonó que el referido letrado violó el Canon 18 de Ética Profesional, *infra*, al no someter el memorando de derecho solicitado por el Tribunal de Primera Instancia al que hemos hecho referencia, desacatando así las órdenes de dicho foro, lo

---

[2] Cabe resaltar que del *Informe* de la Oficina del Procurador General no surge discusión alguna en torno al Canon 12 de Ética Profesional, *infra*. Posteriormente, en su *Querella* la referida dependencia gubernamental formuló varios cargos en contra del licenciado Lugo Quiñones, entre ellos, haber infringido el Canon 12 del Código de Ética Profesional, *infra*.

que implicó una falta de atención, diligencia y protección de los derechos de su cliente. La referida dependencia gubernamental entendió que lo anterior se agravó debido a que el licenciado Lugo Quiñones ni siquiera presentó escrito alguno en el que indicara que sus planteamientos ya habían sido previamente esbozados en el *Informe sobre Conferencia Preliminar entre Abogados*, al cual hizo referencia.

Al respecto, la Oficina del Procurador General también concluyó que, con la conducta desplegada, el referido letrado incumplió, además, con el deber de sinceridad y honradez que le impone el Canon 35 de Ética Profesional, *infra*. Esto, pues, le indicó a su cliente que sí había sometido el memorando de derecho en cuestión, a sabiendas de que ello no era cierto.

## B. Cargo III

De otra parte, y según se expresa en la mencionada querella, la Oficina del Procurador General también determinó que el licenciando Lugo Quiñones incurrió en violación al Canon 19 de Ética Profesional, *infra*. Lo anterior, debido a que éste no consultó con su cliente la decisión de no presentar el memorando de derecho solicitado por el Tribunal de Primera Instancia en el caso en que éste le representaba, aspecto esencial para su defensa. En consecuencia, dicha dependencia gubernamental consideró que el licenciado Lugo Quiñones omitió mantener

informado a su cliente de todo acontecimiento medular acaecido en el asunto que le fue encomendado, según es requerido por nuestro ordenamiento deontológico.

## C. Cargos IV y V

Por otro lado, y tal como se desprende del contenido de la querella bajo análisis, la Oficina del Procurador General entendió que, al desatender -- en varias ocasiones -- las órdenes del Tribunal de Primera Instancia, el licenciado Lugo Quiñones incurrió en violación a los Cánones 9 y 12 de Ética Profesional, *infra*. Ello, pues, dicha conducta por parte del referido letrado ocasionó un retraso innecesario en la solución del asunto para el cual su cliente lo contrató.

## D. Cargo VI

Por último, la Oficina del Procurador General concluyó que los hechos antes relatados son contrarios a los postulados enunciados en el Canon 38 del Código de Ética Profesional, *infra*. Lo anterior, debido a que el desempeño profesional del licenciado Lugo Quiñones en el asunto que le fue encomendado no exaltó el honor y la dignidad de la profesión de la abogacía.

Una vez recibió copia de la mencionada querella, el 14 de agosto de 2017 el referido letrado presentó su contestación a la misma. En esencia, el licenciado Lugo Quiñones sostuvo que no incumplió con los Cánones 9 y 12 de Ética Profesional, *infra*, ya que, entre otras cosas, el

no haber presentado el memorando de derecho objeto del presente proceso disciplinario, no causó ninguna demora en la solución del caso. De igual forma, arguyó que tampoco violó los Cánones 35 y 38 de Ética Profesional, *infra*, aunque reconoce que debió ser explícito con su cliente y haberle notificado que no sometería el memorando de derecho en cuestión por las razones ya aducidas.

En lo relacionado al Canon 18 de Ética Profesional, *infra*, el licenciado Lugo Quiñones indicó que sí incumplió con el mismo, al no informarle al Tribunal de Primera Instancia que no presentaría el documento requerido por dicho foro. Valga señalar que de la contestación a la querella brindada por el licenciado Lugo Quiñones, se desprende que este incluyó copia de un cheque por la cantidad de mil dólares ($1,000.00) que le remitió a su cliente, el señor Gonzalez Oyola, como pago de los honorarios por temeridad que el Tribunal de Primera Instancia le impuso.

A la luz de lo anterior, el 27 de febrero de 2018 esta Curia nombró a la Hon. Ygrí Rivera de Martínez como Comisionada Especial. Llamado el caso para las vistas de rigor, la Oficina del Procurador General presentó el testimonio del señor Gonzalez Oyola, promovente de la queja. Mientras, el licenciado Lugo Quiñones, además de su propio testimonio, presentó tres (3) declaraciones juradas que acreditaban su buena reputación, las cuales fueron

admitidas en evidencia sin reparos de la Oficina del Procurador General.

Evaluada la prueba presentada ante su consideración, el 19 de diciembre de 2019 la Comisionada Especial presentó el *Informe* correspondiente, en el que esbozó sus determinaciones de hechos, según estipuladas por las partes del presente proceso disciplinario. En el mismo, concluyó que el licenciado Lugo Quiñones violó los Cánones 9, 12, 18, 19, 35 y 38 del Código de Ética Profesional, *infra*, según imputados en la querella.

En atención a lo anterior, el 25 de septiembre de 2020 el licenciado Lugo Quiñones presentó una moción en la cual expresó que no deseaba añadir ningún otro planteamiento a los ya consignados en sus comparecencias anteriores. Por ello, nos solicitó que se diera por sometido el presente caso.

Es, pues, a la luz de los hechos antes expuesto que procedemos a esbozar la normativa aplicable al proceso disciplinario ante nuestra consideración.

II.

Como es harto conocido, la conducta de los y las miembros de la profesión legal se rige por los postulados contenidos en el Código de Ética Profesional, 4 LPRA Ap. IX. Dicho ordenamiento deontológico tiene como norte promover el desempeño profesional de los abogados y abogadas conforme los más altos principios de conducta

decorosa. *In re Espino Valcárcel*, 199 DPR 761 (2018); *In re Burgos García*, 198 DPR 50 (2017); *In re Soto Charraire*, 186 DPR 1019 (2012). Esto, a su vez, redunda en el beneficio no solo de las instituciones de justicia, sino también de la ciudadanía en general. *In re Rodríguez Lugo*, 201 DPR 729 (2019); *In re Cruz Liciaga*, 198 DPR 828 (2017); *In re Franco Rivera,* 197 DPR 628 (2017); *In re Suárez Jiménez*, 192 DPR 152 (2014).

Cónsono con lo anterior, y en lo pertinente al asunto que nos ocupa, el **Canon 9** del Código de Ética Profesional, *supra*, le impone a la clase togada el deber de "observar para con los tribunales una conducta que se caracterice por el mayor respeto". *In re Landrón Hernández,* 2019 TSPR 41, 201 DPR ___ (2019); *In re Cruz Liciaga*, *supra*; *In re López Méndez*, 196 DPR 956 (2016). Como corolario del respeto profundo que deben tener los abogados y las abogadas hacia el foro judicial, el mencionado Canon le ordena a los y las miembros de la profesión legal comparecer en tiempo a los señalamientos notificados por el tribunal, así como a cualquier requerimiento u orden emitida por los tribunales. *In re Pérez Guerrero*, 201 DPR 345 (2018); *In re Rivera Navarro*, 193 DPR 303 (2015); *In re Irizarry Irizarry*, 190 DPR 368 (2014). Desobedecer las órdenes emitidas por los tribunales de justicia constituye un grave insulto a la autoridad de éstos, lo cual está en directa violación al deber de conducta exigida por el

referido Canon. *In re Hance Flores*, 193 DPR 767 (2015); *In re Navarro Navarro*, 193 DPR 303 (2015); *In re Nieves Nieves*, 181 DPR 25 (2011).

Por otro lado, el **Canon 12** del mencionado ordenamiento deontológico, *supra*, requiere que todo abogado y abogada, al tramitar sus casos, lo haga con suma puntualidad y diligencia. Como parte de dicho deber ético, éstos y éstas están obligados a realizar todas las diligencias necesarias para asegurarse de no causar demoras indebidas en el trámite de las causas de acción que le sean encomendadas. *In re Pérez Guerrero*, *supra; In re Nieves Nieves*, *supra; In re López Montalvo,* 173 DPR 193 (2008).

En esa dirección, hemos sentenciado que el deber de diligencia es una obligación elemental del abogado o abogada hacia su cliente. *In re Rodríguez Lugo*, *supra; In re Otero Calero*, 200 DPR 561 (2018); *In re Morell Bergantiños*, 195 DPR 759 (2016). Para cumplir con el mismo, éste o ésta debe realizar aquellas gestiones que le fueron encomendadas de forma oportuna y adecuada, y sin dilaciones que puedan afectar la pronta solución de la controversia. *In re Otero Calero*, *supra; In re Morell Bergantiños*, *supra; In re Pietri Torres*, 191 DPR 482, 488 (2014). El mencionado deber se extiende a todas las etapas del pleito judicial. *In re Otero Calero*, *supra; In re*

*Nazario Díaz*, 195 DPR 623 (2016); *In re Muñoz, Morell*, 182 DPR 738 (2011).

Asimismo, el **Canon 18** establece que un abogado o una abogada no debe "[a]sumir una representación profesional cuando está consciente de que no puede rendir una labor idónea competente y que no puede prepararse adecuadamente sin que ello apareje gastos o demoras irrazonables a su cliente o a la administración de la justicia". 4 LPRA Ap. IX, C. 18. En cuanto a lo dispuesto en el discutido Canon, esta Curia ha sostenido que toda actuación negligente por parte de un abogado o abogada, que pueda conllevar, o que en efecto conlleve, el archivo o desestimación de una causa de acción, constituirá una violación al mismo. *In re López Santiago*, *supra*; *In re Nieves Nieves*, *supra*; *In re Pujol Thompson*, 171 DPR 683 (2007). Lo anterior es así, ya que -- cuando el abogado o la abogada actúa de forma negligente -- los intereses de su cliente o clienta son los verdaderamente afectados. *In re Rodríguez Lugo*, *supra*; *In re López Santiago*, *supra*; *In re Nieves Nieves*, *supra*.

Dicho ello, además de brindar una representación legal diligente y competente, es deber del abogado o la abogada -- conforme a lo dispuesto en el **Canon 19** del Código de Ética Profesional, *supra* -- mantener a su cliente informado de cualquier asunto importante que surja en el desarrollo de su caso. Según este Tribunal ha señalado, este Canon se infringe cuando el letrado o la

letrada "[n]o atiende los reclamos de información que le hace el cliente; no le informa del resultado adverso de una gestión; ocurre la desestimación o el archivo de la acción; no mantiene al cliente al tanto del estado de los procedimientos del caso; o le niega información sobre el mismo". *In re Pérez Guerrero*, *supra*; *In re Vázquez Bernier*, 198 DPR 459 (2017); *In re Reyes Coreano*, 190 DPR 739 (2014).

De otra parte, es menester señalar aquí que según lo esbozado en el **Canon 35** del referido cuerpo reglamentario, *supra*, la conducta de cualquier miembro de la profesión legal ante los tribunales, hacia sus representados y representadas, y en las relaciones con sus compañeros y compañeras, debe ser sincera y honrada. Conforme a lo anterior, "[n]o es sincero ni honrado el utilizar medios que sean inconsistentes con la verdad ni se debe inducir al juzgador a error utilizando artificios o una falsa relación de los hechos o del derecho". 4 LPRA Ap. IX, C. 35.

Sobre el particular, se incumple el Canon 35, *supra*, por el simple hecho de faltar a la verdad, independientemente de las razones que lo motiven. *In re Vázquez Pardo*, 185 DPR 1031 (2012); *In re Iglesias García*, 183 DPR 572 (2011); *In re Nieves Nieves*, *supra*. Ello, ya que el ejercicio de la abogacía se fundamenta en la búsqueda de la verdad. *In re Nazario Díaz*, *supra*; *In re*

*Irizarry Rodríguez*, 193 DPR 633 (2015); *In re Sierra Arce*, 192 DPR 140 (2014). "Todo el entramado de nuestro sistema judicial se erige sobre la premisa de que los abogados [y las abogadas], sobre quienes recae principalmente la misión de administrar la justicia, han de conducirse siempre con integridad ante los foros judiciales". *In re Feliciano Rodríguez,* 298 DPR 369 (2017); *In re Rodríguez García*, 197 DPR 515 (2017); In *re Irizarry Vega*, 176 DPR 241 (2009).

Por último, y de conformidad con lo dispuesto en el **Canon 38** del Código de Ética Profesional, *supra*, todo abogado y abogada debe esforzarse al máximo en exaltar el honor y la dignidad de la profesión legal. Como corolario de ello, todo y toda miembro de la clase togada debe evitar hasta la apariencia de conducta impropia. En específico, hemos expresado que "[l]a justicia debe ser inmaculada, tanto en su realidad interior como en la percepción externa". *In re Gordon Meléndez*, 183 DPR 628 (2011); *In re Pons Fontana*, 182 DPR 300 (2011). Ya que éstos y éstas reflejan la imagen de la profesión, siempre deben actuar con el más escrupuloso sentido de responsabilidad que impone la función social que ejercen. *In re Vázquez Bernier*, *supra*; *In re Rivera Nazario,* 193 DPR 573 (2015); *In re Gordon Menéndez*, *supra*.

Es, precisamente, a la luz de la normativa antes expuesta que procedemos a disponer del caso que nos ocupa.

III.

Como mencionamos anteriormente, el presente caso fue referido ante una Comisionada Especial, quien tuvo la oportunidad de recibir prueba, evaluarla detenidamente, realizar sus determinaciones de hechos y conclusiones de derecho. En el referido documento, la Comisionada Especial designada para atender el procedimiento disciplinario que nos ocupa, la Hon. Ygrí Rivera de Martínez, concluyó que la determinación de la Oficina del Procurador General -- en cuanto a la violación de los Cánones 9, 12, 18, 19, 35 y 38 del Código de Ética Profesional, *supra*, por parte del licenciado Lugo Quiñones -- está sostenida por la prueba estipulada y testifical presentada por las partes. Coincidimos con dicha apreciación.

Según se desprende del expediente ante nuestra consideración, no albergamos duda alguna que -- en lo que respecta a la querella de epígrafe -- el licenciado Lugo Quiñones incumplió los postulados de los Cánones 9, 12 y 18 al incumplir las órdenes del Tribunal de Primera Instancia y al no presentar el memorando con los argumentos en derecho solicitado por el Tribunal de Primera Instancia, para la correcta disposición del pleito ante su consideración. Contrario a lo intimido por el referido letrado, su actuación no fue inconsecuente ni una falta menor, ya que el foro primario se vio en la obligación de dictar *Sentencia* en el referido litigio sin

el beneficio de los argumentos del demandante, la cual resultó desfavorable al señor González Oyola.

Asimismo, con su actuación, el licenciado Lugo Quiñones infringió los Cánones 19 y 35 del Código de Ética Profesional, *supra*, ya que no le informó al señor González Oyola que no había presentado el memorando de derecho al que hemos hecho referencia. Ello se agrava si tomamos en cuenta que, cuando este último le inquirió sobre el particular, el referido letrado faltó a su deber de sinceridad y honradez al hacerle creer al señor González Oyola que sí había sometido el mencionado escrito.

Abona a lo anterior el hecho de que el licenciado Lugo Quiñones no mantuvo informado al señor Gonzalez Oyola sobre los asuntos esenciales relacionados al litigio en el cual le representaba, a tal grado que su cliente advino en conocimiento de la *Sentencia* emitida por el Tribunal de Primera Instancia casi dos (2) meses después y debido a que un familiar así se lo informó. Sin lugar a dudas, tal conducta choca frontalmente con lo dispuesto en nuestro Código de Ética Profesional, *supra*.

Por último, es evidente también que la conducta desplegada por el licenciado Lugo Quiñones a través del proceso judicial que le fue encomendado, no exalta el honor y la dignidad de la profesión legal. Así pues, por incurrir en conducta impropia en su desempeño profesional,

éste infringió lo dispuesto en el Canon 38 del Código de Ética Profesional, *supra*.

IV.

A la luz de todo lo antes expuesto, se suspende inmediatamente al licenciado Héctor A. Lugo Quiñones del ejercicio de la abogacía y la notaría por un término de tres (3) meses.

En consecuencia, se le impone a éste el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolver cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos en donde tenga casos pendientes. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y *Sentencia*.

La fianza notarial del señor Lugo Quiñones queda automáticamente cancelada; ésta se considerará buena y válida por tres (3) años después de su terminación en cuanto a los actos realizados por el referido letrado durante el periodo en que la misma estuvo vigente. Finalmente, el Alguacil de este Tribunal deberá incautar la obra y sello notarial del señor Lugo Quiñones y entregar los mismos al Director de la Oficina de

Inspección de Notarías para la correspondiente investigación e informe.

Notifíquese por correo electrónico y por la vía telefónica esta Opinión *Per Curiam* y Sentencia al licenciado Héctor A. Lugo Quiñones.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:


Héctor A. Lugo Quiñones          CP-2017-0014
        (TS-7137)



SENTENCIA

En San Juan, Puerto Rico, a 12 de enero de 2021.


Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se suspende inmediatamente al licenciado Héctor A. Lugo Quiñones del ejercicio de la abogacía y la notaría por un término de tres (3) meses.

En consecuencia, se le impone a éste el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolver cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos en donde tenga casos pendientes. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y *Sentencia*.

La fianza notarial del señor Lugo Quiñones queda automáticamente cancelada; ésta se considerará buena y válida por tres (3) años después de su terminación en cuanto a los actos realizados por el referido letrado durante el periodo en que la misma estuvo vigente. Finalmente, el Alguacil de este Tribunal deberá incautar la obra y sello

notarial del señor Lugo Quiñones y entregar los mismos al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Notifíquese por correo electrónico y por la vía telefónica esta Opinión *Per Curiam* y Sentencia al licenciado Héctor A. Lugo Quiñones.

Lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo.

José Ignacio Campos Pérez
Secretario del Tribunal Supremo