*In re* NICOLÁS ORTIZ GUEVARA y EUGENIO RIVERA LOZADA, querellantes.

*Número:* CP-2014-6          *Resuelto:* 21 de marzo de 2016

*Karla Z. Pacheco Álvarez*, subprocuradora general, y *Yaizamarie Lugo Fontánez*, procuradora general auxiliar; *Manuel Reyes Dávila*, abogado de Eugenio Rivera Lozada, querellante; *Luis E. Delannoy Solé*, abogado de Nicolás Ortiz Guevara, querellante; *Nicolás Ortiz Guevara, pro se; Eugenio Rivera Lozada, pro se; Carlos S. Dávila Vélez*, comisionado especial.

PER CURIAM:

## I

El Lcdo. Nicolás Ortiz Guevara (licenciado Ortiz Guevara) fue admitido al ejercicio de la abogacía el 30 de noviembre de 1982 y prestó juramento como notario el 1 de febrero de 1983. Por otro lado, el Lcdo. Eugenio Rivera Lozada (licenciado Rivera Lozada) fue admitido a la práctica de la abogacía el 14 de diciembre de 1967. El 15 de abril de 2014, la Procuradora General presentó una Querella sobre conducta profesional contra ambos letrados.

La Querella surge con relación al caso *Sucesión de Gregorio Maldonado Ortiz y Otros v. Sucesión de Francisco Maldonado Hernández y Otros*, DAC1995-0855 (505). Mediante una Resolución de 24 de mayo de 2011, el Tribunal de Apelaciones refirió el asunto a este Tribunal por entender que ambos licenciados pudieron haber infringido estándares éticos al representar clientes con intereses

encontrados. Esto en cumplimiento con los Cánones 7 y 14 de Ética Judicial, 4 LPRA Ap. IV-B.

Tras los trámites de rigor, el Comisionado Especial designado, Hon. Carlos S. Dávila Vélez, rindió su Informe el 13 de octubre de 2015. En este adoptó la relación de hechos estipulada por las partes. A continuación resumimos los hechos pertinentes.

El 5 de agosto de 2008, el Tribunal de Primera Instancia emitió una Sentencia en la que declaró "con lugar" la Demanda presentada en el caso *Sucesión de Gregorio Maldonado Ortiz y Otros v. Sucesión de Francisco Maldonado Hernández y Otros*, supra. Cabe señalar que las partes de ese caso incluyen sucesiones y numerosos herederos por representación.(¹) El Lcdo. Eugenio Rivera Lozada era el representante legal de la parte demandante.

Así las cosas, mediante Opinión *per curiam* de 26 de junio de 2009, notificada el 13 de julio de 2009, suspendimos de forma inmediata y por seis meses del ejercicio de la abogacía al licenciado Rivera Lozada.(²) La sentencia emitida en esa ocasión le requería al licenciado Rivera Lozada *"informarle oportunamente de su suspensión a los distintos foros judiciales y administrativos del país"*, entre otros requerimientos. (Énfasis suplido). *In re Rivera Lozada*, 176 DPR 215, 232 (2009).

El 13 de julio de 2009, el licenciado Rivera Lozada, en representación de la parte demandante, presentó dos mociones, entre ellas, una Moción Solicitando Fijación de Gas-

---

(¹) Para un recuento de los hechos que motivaron la acción, véase *Sucn. Maldonado v. Sucn. Maldonado*, 166 DPR 154 (2005).

(²) *In re Rivera Lozada*, 176 DPR 215 (2009). La suspensión fue efectiva el 13 de julio de 2009, fecha cuando se le notificó la determinación de este Tribunal al Lcdo. Eugenio Rivera Lozada. En consecuencia, se incautó su obra y sello notariales. Luego de varios trámites, principalmente relacionados con su obra notarial, el licenciado Rivera Lozada fue reinstalado al ejercicio de la abogacía el 22 de julio de 2010. Véase *In re Rivera Lozada*, 179 DPR 1037 (2010). No obstante, no se ha autorizado su reinstalación al ejercicio de la notaría. El 30 de enero de 2015 examinamos la *Solicitud de baja voluntaria al ejercicio de la abogacía* presentada por el licenciado Rivera Lozada y la declaramos "no ha lugar", puesto que se consideraría luego de culminar el proceso de las querellas pendientes.

tos y Honorarios. Esta moción solicitaba aquellos gastos y honorarios en que incurrió durante su representación legal a favor de todos los herederos.(³) No obstante, el 14 de julio de 2009 presentó una Moción Informando Nueva Representación Legal, en la que manifestó que a partir del 13 de julio de 2009 *sería sustituido* por el Lcdo. Eugenio Rivera Ramos. El tribunal aceptó esta sustitución el 23 de julio.(⁴) No obstante, el 14 de septiembre de 2009, el tribunal aceptó la renuncia del Lcdo. Eugenio Rivera Ramos y aceptó al Lcdo. Nicolás Ortiz Guevara como representante legal de la parte demandante.

Durante este periodo, el tribunal emitió diversas órdenes relacionadas con las dos mociones de 13 de julio de 2009, entre ellas que se presentaran ciertos documentos (tales como copia del Contrato de Servicios Profesionales y factura sobre gastos y honorarios) y que se notificaran las mociones a la parte interventora. El 23 de septiembre de 2009, notificada el 30 de septiembre de 2009, el tribunal dio por desistida las solicitudes presentadas en estas mociones ante el reiterado incumplimiento de la representación legal de la parte demandante con sus múltiples órdenes.(⁵)

El 6 de octubre de 2009, el licenciado Ortiz Guevara presentó una Moción de Renuncia de Representación Legal, en la que informó que fue contratado por la Sra. Carmen Felisa Morales Maldonado en representación de los herederos demandantes y que les había informado su renuncia al caso debido a asuntos familiares de naturaleza delicada. El tribunal denegó esta solicitud.(⁶) Además, di-

---

(³) La segunda moción presentada por el licenciado Rivera Lozada se titulaba Moción Solicitando que se Resuelva el Problema de la Tasación, Mensura, Contribuciones o Deudas del CRIM y Llevare a Cabo la Instancia.

(⁴) Cabe señalar que el Lcdo. Eugenio Rivera Lozada no le informó al Tribunal en su Moción Informando Nueva Representación Legal que fue suspendido.

(⁵) El 28 de septiembre de 2009 la parte demandante, representada por el Lcdo. Nicolás Ortiz Guevara, presentó una Moción en Cumplimiento de Orden, en la que informaba que había notificado los escritos.

(⁶) En comparecencia ante este Tribunal, el licenciado Ortiz Guevara indicó que asumió la representación de la parte demandante durante el tiempo que el licenciado

cho foro le ordenó que proveyera la dirección física de sus clientes.(7) No obstante, el licenciado Ortiz Guevara compareció ante el tribunal el 13 de noviembre de 2009 y solicitó los honorarios de abogado a favor del licenciado Rivera Lozada. En su escrito indicó que comparecía "solamente para representar al Lcdo. Eugenio Rivera Lozada en su interés".(8) Por ello, el tribunal emitió una orden en la que indicaba que el licenciado Ortiz Guevara no había sido relevado de la representación legal de los demandantes.

Luego de varias solicitudes de renuncia,(9) ante una nueva solicitud de 9 de julio de 2010 presentada por el licenciado Ortiz Guevara, el foro primario determinó que dispondría de la misma tan pronto se anunciara una nueva representación legal para la parte demandante. Sin embargo, a la vista especial celebrada el 27 de septiembre de 2010 no compareció la parte demandante ni el licenciado Ortiz Guevara, por lo que se transfirió la vista para el 17 de diciembre de 2010. Además, se le ordenó al licenciado Ortiz Guevara que acudiera so pena de sanciones.

---

Rivera Ramos estuvo de viaje. No obstante, este último se negó a asumir la representación tras su regreso.

(7) El 13 de noviembre de 2009, el licenciado Ortiz Guevara enmendó la moción de renuncia presentada, informando que había entregado el expediente del caso a la Sra. Carmen F. Morales Maldonado. El tribunal refirió al licenciado Ortiz Guevara a la Orden de 23 de septiembre de 2009.

(8) La moción de 13 de noviembre de 2009 también indicaba que "en ningún momento este abogado representará a los demandantes, presentó su renuncia al presente caso el 6 de octubre de 2009". El 22 de diciembre de 2009, la parte interventora presentó su oposición a esta moción, así como una Moción para que se Dicte Orden Aclarando a Quién Representa el Lcdo. Nicolás Ortiz Guevara.

(9) El 15 de abril de 2010, el licenciado Ortiz Guevara solicitó nuevamente el relevo de la representación legal de la parte demandante, pero el tribunal la declaró "no ha lugar" el 21 de abril de 2010.

Por otro lado, el 14 de abril de 2010 la Sra. Carmen F. Morales Maldonado presentó dos mociones por derecho propio: (1) Moción Informando Direcciones y Solicitando que se Acepte la Renuncia del Lcdo. Nicolás Ortiz Guevara y Poder Gestionar Nueva Representación Legal, y (2) Moción Solicitando Fijación de Gastos y Honorarios, en la que informaba que ratificaba los acuerdos llegados con el licenciado Rivera Lozada. Ambas fueron declaradas "no ha lugar", por lo que el 27 de mayo de 2010 la señora Morales Maldonado presentó un recurso de *certiorari* por derecho propio solicitando la revisión de la determinación del Tribunal de Primera Instancia que había denegado su solicitud para que se aceptara la renuncia del licenciado Ortiz Guevara. Finalmente, el Tribunal de Apelaciones revocó la resolución recurrida y estableció que el foro primario debió aceptar la solicitud de renuncia del licenciado Ortiz Guevara.

Por otro lado, el 22 de noviembre de 2010 el licenciado Rivera Lozada, por derecho propio, presentó una solicitud de intervención y solicitó que se le pagaran los honorarios correspondientes. Mediante una Resolución de 2 de diciembre de 2010, el tribunal indicó que dicha solicitud se resolvería en la vista de 17 de diciembre de 2010. Llegada la fecha, esta fue declarada "no ha lugar".[10] De la Minuta de la vista del 17 de diciembre de 2010 surge que varios codemandantes, entre ellos la Sra. Carmen F. Morales Maldonado, estuvieron de acuerdo con el desistimiento sin perjuicio de la causa de acción.[11] Asimismo, el 3 de febrero de 2011 estos presentaron una Estipulación para el Desistimiento sin Perjuicio del Pleito. Por lo tanto, mediante Sentencia de 10 de febrero de 2011, el Tribunal de Primera Instancia decretó el archivo del caso sin perjuicio.

Cabe señalar que el 2 de febrero de 2011 el licenciado Rivera Lozada presentó una Moción Asumiendo Representación Legal y Solicitud de Término, en la que indicó que asumía la representación legal de la parte demandante. Dado un acuerdo de desistimiento bajo juramento de las partes, el tribunal determinó que nada tenía que disponer sobre la solicitud presentada por el licenciado Rivera Lozada. De la Sentencia Enmendada de 17 de marzo de 2011 surge que la Lcda. Migdalia Torres Díaz representó a la Sra. Carmen F. Morales Maldonado en la vista en la que los codemandantes desistieron sin perjuicio y bajo juramento.

---

[10] Además, se le advirtió al licenciado Rivera Lozada que en una próxima solicitud podría encontrársele incurso en desacato por ser su cuarta solicitud al respecto. El 29 de diciembre de 2010, el licenciado Rivera Lozada presentó una moción en la que solicitó un nuevo señalamiento para la intervención, pues indicó que recibió la resolución que señaló la vista para el 17 de diciembre de 2010 el 20 de diciembre siguiente. El 19 de enero de 2011, el tribunal declaró "no ha lugar" nuevamente su solicitud de intervención.

[11] Los codemandantes entendían que en ese momento no era posible ni conveniente llevar a cabo la partición judicial de la propiedad en cuestión ante la gran cantidad de herederos, las características de la propiedad, el hecho de que no todos los demandantes habían contratado una representación legal, la situación del mercado de bienes raíces, etc.

Sin embargo, el 23 de marzo de 2011 el licenciado Rivera Lozada presentó un recurso intitulado "Apelación" ante el Tribunal de Apelaciones. Solicitó la revisión de la Sentencia dictada en representación de Carmen F. Morales Maldonado y de todos los herederos de la Sucesión de don Gregorio Maldonado Ortiz y de la Sucesión de doña Belén Hernández Bracero. Sostuvo, entre otras cosas, que la señora Morales Maldonado estuvo ausente en la vista especial y que ni ella ni la sucesión estaban debidamente representados. El Tribunal de Apelaciones denegó la expedición del recurso presentado y resolvió que los errores señalados eran frívolos, dado que la peticionaria compareció a la vista en cuestión representada por otra letrada y que aceptó bajo juramento desistir del caso sin perjuicio, entre otras cosas. Asimismo, le impuso a la peticionaria una sanción de doscientos dólares ($200) a favor del Estado. El licenciado Rivera Lozada solicitó la reconsideración de la Resolución emitida, pero fue denegada. Inconforme, acudió mediante un recurso de *certiorari* ante nos, petición que declaramos "no ha lugar" el 4 de noviembre de 2011.

Luego que el Tribunal de Primera Instancia concediera a la Sra. Carmen F. Morales Maldonado diez (10) días para que consignara los doscientos ($200) dólares a favor del Estado, so pena de sanciones mayores, la Lcda. Migdalia Torres Díaz, en representación de la señora Morales Maldonado, informó al tribunal que su cliente no había autorizado al licenciado Rivera Lozada a comparecer ante el Tribunal de Apelaciones en representación de esta para presentar un escrito de *certiorari*. Ante la Orden del tribunal, el 9 de diciembre de 2011 la señora Morales Maldonado aseveró nuevamente bajo juramento que nunca autorizó al licenciado Rivera Lozada a presentar un recurso ante el Tribunal de Apelaciones.

Así las cosas, la Oficina de la Procuradora General presentó cargos contra los licenciados Ortiz Guevara y Rivera Lozada. Al licenciado Ortiz Guevara le imputó violaciones

a los Cánones 20, 21 y 38 del Código Ética Profesional, 4 LPRA Ap. IX, por defender intereses encontrados.([12]) Por otro lado, imputó violaciones a los Cánones 9, 12, 17, 21, 26, 35 y 38 del Código de Ética Profesional, 4 LPRA Ap. IX, al licenciado Rivera Lozada.([13])

---

([12]) Los cargos presentados contra el Lcdo. Nicolás Ortiz Guevara fueron los siguientes:

"PRIMER CARGO: El licenciado Ortiz Guevara incumplió con los preceptos del Canon 21 de Ética Profesional al representar los intereses del licenciado Rivera Lozada en el caso DAC1995-0855, mientras aún representaba a la parte demandante, abogando por los intereses del licenciado Rivera Lozada a[u]n cuando éste tenía o podía tener intereses adversos a los de la parte demandante, incurriendo así en un real o potencial conflicto de intereses.

"SEGUNDO CARGO: El licenciado Ortiz Guevara violó los preceptos del Canon 20 de Ética Profesional al comparecer ante el Tribunal de Primera Instancia como representante legal del licenciado Rivera Lozada, por entender que ya no representaba a la parte demandante porque había solicitado la renuncia a[u]n cuando la misma no le había sido concedida por el Tribunal.

"TERCER CARGO: El licenciado Ortiz Guevara infringió el Canon 38 de Ética Profesional al no exaltar el honor y la dignidad de la profesión y al incurrir en la apariencia de conducta impropia al presentar su moción del 13 de noviembre de 2009, en la cual solicitó la fijación de honorarios y gastos en representación del licenciado Rivera Lozada cuando aún representaba los intereses de la parte demandante". Querella, pág. 27.

([13]) Los cargos presentados contra el Lcdo. Eugenio Rivera Lozada fueron los siguientes:

"PRIMER CARGO: El licenciado Eugenio Rivera Lozada infringió los cánones 12, 17 y 26 de Ética Profesional al presentar el recurso de apelación número KLAN2011-0360 y diferentes escritos en dicho procedimiento y ante el Tribunal Supremo en el caso CC2011-750, en representación de la Sra. Carmen Morales Maldonado, siendo estos frívolos según consta del expediente judicial del Tribunal de Primera Instancia".

"SEGUNDO CARGO: EL licenciado Eugenio Rivera Lozada infringió el deber de sinceridad y honestidad dispuesto en el Canon 35 de Ética Profesional al exponer en sus escritos ante el Tribunal de Apelaciones en el caso KLAN2011-0360 hechos inconsistentes con los hechos acontecidos ente el Tribunal de Primera Instancia y que surgen del expediente judicial del caso".

"TERCER CARGO: El licenciado Rivera Lozada violó los preceptos del Canon 21 de Ética Profesional al asumir la representación legal de la Sra. Carmen F. Morales Maldonado para presentar el recurso de apelación KLAN2011-0360 cuando del expediente judicial DAC1995-0855 surge el real o potencial conflicto entre sus intereses y los de ésta, viéndose afectado su juicio profesional por su interés personal, a tal nivel que presentó un recurso frívolo para conseguir reabrir el caso".

"CUARTO CARGO: El licenciado Rivera Lozada violó los preceptos del Canon 9 y 35 de Ética Profesional al no informar oportunamente su suspensión en el caso *In re Eugenio Rivera Lozada*, 176 DPR 215 (2009) al Tribunal de Primera Instancia mientras se ventilaba el caso DAC1955-0855 conforme le fue ordenado por este Alto Foro al momento de su suspensión".

"QUINTO CARGO: El licenciado Rivera Lozada quebrantó los preceptos del Canon 38 de Ética Profesional con sus actuaciones al presentar un recurso de apelación frívolo, al exponer información inconsistente con la verdad en su escrito de

En cuanto a las violaciones imputadas al licenciado Ortiz Guevara, el Comisionado Especial concluyó que este incurrió en conducta violatoria de los Cánones 20, 21 y 38 del Código de Ética Profesional, *supra*. No obstante, recomendó que se consideraran ciertos atenuantes.

Por otro lado, en cuanto a los cargos por violación a los Cánones 9, 12, 17, 21, 26, 35 y 38 del Código de Ética Profesional, *supra*, por parte del licenciado Rivera Lozada, el Comisionado Especial concluyó que todos ellos fueron violados.

Procedemos entonces a analizar las normas aplicables.

## II

El Código de Ética Profesional recoge las normas mínimas de conducta que deben seguir las y los miembros de la profesión legal. Ello con el objetivo de promover un comportamiento ejemplar para beneficio de la ciudadanía, la profesión y las instituciones de justicia. *In re Guemárez Santiago*, 191 DPR 611 (2014); *In re Ortiz Delgado*, 189 DPR 826, 830 (2013).

Así, el Canon 9 del Código de Ética Profesional, *supra*, dispone que los abogados y las abogadas deben "observar para con los tribunales una conducta que se caracterice por el mayor respeto". Asimismo, deben responder de forma diligente y oportuna a nuestras órdenes y requerimientos, máxime si están relacionadas con los procedimientos disciplinarios sobre su conducta profesional. *In re Pestaña Segovia*, 192 DPR 485 (2015); *In re Irizarry Irizarry*, 190 DPR 368 (2014).

apelación, aceptar la representación de la señora Maldonado Flores para presentar el recurso de apelación a[u]n cuando existía un real o potencial conflicto de intereses o la apariencia del mismo y al no informar su suspensión al Tribunal de Primera Instancia conforme le fue ordenado. Ello, ya que dicha conducta no exalta el honor y la dignidad de la profesión, no evita la apariencia de conducta impropia ni se interesó por hacer su propia y cabal aportación hacia la consecución de una mejor administración de la justicia". Querella, págs. 18, 21, 22, 24 y 25–26.

Además, el Canon 12, *supra*, en lo pertinente, establece que "[e]s deber del abogado hacia el tribunal, sus compañeros, las partes y testigos el ser puntual en su asistencia y conciso y exacto en el trámite y presentación de las causas". Entre otras cosas, le requiere " 'desplegar todas las diligencias necesarias para asegurarse de que no se causen dilaciones indebidas en la tramitación y solución del caso' ". *In re Pestaña Segovia*, supra, pág. 494, citando a *In re Hernández González*, 188 DPR 721, 727 (2013). Por otro lado, el Canon 17, *supra*, indica, entre otras cosas, que la firma de un abogado o abogada en una alegación en un caso implica que certifica que ha leído la alegación y que, de acuerdo con su mejor conocimiento, información y creencia, está bien fundamentada y cuenta con evidencia para probarla. De lo contrario, este falla en actuar con la máxima diligencia que imponen los estándares éticos. *In re Guemárez Santiago*, supra.

Asimismo, tras comparecer ante un tribunal en representación de una parte, el abogado o la abogada no puede dejar de descargar su responsabilidad con la debida diligencia. Esto independientemente de la razón por la cual la asumió en primer lugar, pues la parte se convierte en su cliente y este tiene el deber de defender sus intereses diligentemente. *In re Iglesias García*, 183 DPR 572 (2011). Por lo tanto, el y la profesional no puede renunciar a esta responsabilidad sin antes obtener permiso del tribunal y tomar las medidas razonables y necesarias para evitar que se le causen perjuicios al cliente en conformidad con el Canon 20, *supra*, canon que establece el procedimiento a seguir. *In re Pestaña Segovia*, supra; *In re Siverio Orta*, 117 DPR 14 (1986). Asimismo, tan pronto el tribunal acepta la renuncia, los abogados y las abogadas tienen la obligación de entregarle a su cliente el expediente y todo documento relacionado con el caso. *In re Villalba Ojeda*, 193 DPR 966 (2015).

Por otro lado, el Canon 21 del Código de Ética Profesional, *supra*, impone a los miembros de la profesión

legal completa lealtad hacia sus clientes y busca evitar que los abogados y las abogadas incurran en la representación de intereses encontrados.[14] *In re Aponte Duchesne*, 191 DPR 247 (2014); *In re Gordon Menéndez*, 183 DPR 628, 638 (2011). Varias situaciones se deben evitar bajo este canon. En primer lugar, no se debe aceptar la representación legal cuando esta pueda verse afectada por las expectativas o los intereses personales del abogado o de la abogada. *In re Aponte Duchesne*, supra; *In re Gordon Menéndez*, supra, pág. 641; *In re Torres Viera*, 170 DPR 306, 311 (2007). Asimismo, se debe evitar tanto aceptar la representación legal simultánea de dos clientes con intereses contrapuestos, como aceptar la representación legal de un cliente en asuntos que puedan afectar cualquier interés de un cliente anterior. *In re Gordon Menéndez*, supra, págs. 639–641; *In re Torres Viera*, supra, pág. 311.

En cuanto al Canon 26, *supra*, este dispone que "[e]l abogado debe obedecer siempre su propia consciencia y no la de su cliente". Señala también, en lo pertinente, que es altamente impropio que un abogado o una abogada aconseje transacciones o actos contrarios a la ley, que entable pleitos viciosos o que instigue falsas defensas " 'sin que pueda el abogado justificar dichos actos con el pretexto de que al actuar así, lo hizo siguiendo las instrucciones de su cliente' ". *In re Guzmán Guzmán*, 181 DPR 495, 510 (2011). Asimismo, el Canon 35, *supra*, dispone, en lo pertinente, que "[l]a conducta de cualquier miembro de la profesión legal ante los tribunales, para con sus representados y en las relaciones con sus compañeros debe ser sincera y honrada".

Por último, el Canon 38, *supra*, dispone que los abogados y las abogadas deben "esforzarse, al máximo de

---

[14] Cabe señalar que la prohibición del Canon 21 del Código de Ética Profesional, 4 LPRA Ap. IX, se extiende tanto a la existencia real del conflicto como a conflictos aparentes que llevan consigo la semilla de un posible o potencial conflicto. *In re Aponte Duchesne*, 191 DPR 247 (2014).

su capacidad, en la exaltación del honor y dignidad de su profesión, aunque el así hacerlo conlleve sacrificios personales y debe evitar hasta la apariencia de conducta profesional impropia". Véanse: *In re Pestaña Segovia*, supra; *In re Iglesias García*, supra. Esto, dado que "toda conducta contraria a las pautas éticas pone en entredicho las valiosas ejecutorias y beneficios a los cuales los profesionales del derecho han contribuido históricamente". *In re Iglesias García*, supra, pág. 577. Por ello, hemos señalado en innumerables ocasiones que " 'por ser los abogados el espejo donde se refleja la imagen de la profesión, éstos deben actuar con el más escrupuloso sentido de responsabilidad que impone la función social que ejercen' ". *In re Guemárez Santiago*, supra, pág. 620, citando a *In re Santiago Ríos*, 172 DPR 802, 822 (2007).

Por otro lado, al determinar la sanción disciplinaria que le impondremos a un abogado o una abogada evaluamos, entre otras cosas, su historial, principalmente si se trata de una primera falta o de una conducta aislada. Asimismo, evaluamos si el abogado o la abogada goza de buena reputación en la comunidad. También consideramos los daños causados a terceros como consecuencia de sus actuaciones antiéticas. Ello sin que se entienda que condonamos la conducta violatoria del Código de Ética Profesional bajo el pretexto de que no hubo mayores consecuencias. *In re Guzmán Guzmán*, supra.

Asimismo, debido a la función desempeñada por el Comisionado Especial, sus determinaciones fácticas merecen nuestra mayor deferencia. Esto, pues es él quien celebra una vista para recibir la prueba y rinde un informe con sus conclusiones de derecho. A pesar de no estar obligados a aceptar su informe en un procedimiento disciplinario contra un abogado o una, de ordinario sostendremos sus determinaciones de hecho, salvo que se demuestre prejuicio, parcialidad o error manifiesto. *In re Guzmán Guzmán*, supra, pág. 511.

Con estos preceptos en mente, examinemos las conductas ante nuestra consideración.

## III

### A. *Lcdo. Nicolás Ortiz Guevara*

Al Lcdo. Nicolás Ortiz Guevara se le imputa haber violado los Cánones 20, 21 y 38 del Código de Ética Profesional. Esto, pues quedó probado que renunció a la representación legal de la parte demandante y le entregó el expediente del caso antes de que el tribunal aceptara su renuncia expresamente. Mediante esta conducta, el licenciado Ortiz Guevara violó el Canon 20 del Código de Ética Profesional, *supra*, independientemente de que asumiera la representación del cliente para asistir a un colega con la expectativa de que fuera por un periodo de tiempo determinado. Asimismo, el licenciado Ortiz Guevara asumió simultáneamente la representación legal de dos (2) clientes en un mismo pleito (de la parte demandante y del Lcdo. Eugenio Rivera Lozada) con un conflicto de intereses potencial.

En conformidad con las normas aplicables, resolvemos que el licenciado Ortiz Guevara incurrió en las violaciones imputadas.[15] No obstante, tras considerar las sanciones que hemos provisto en situaciones similares,[16] así como que es la primera vez que el licenciado Ortiz Guevara es sancionado disciplinariamente, que los clientes no se vieron perjudicados, que no medió ánimo de lucro en sus actuaciones, que este admitió las faltas en que incurrió y que

---

[15] Debemos señalar que en *In re Torres Viera*, 170 DPR 306 (2007), aclaramos que cuando un letrado asume una representación simultánea adversa que implica un real o potencial conflicto de intereses entre dos de sus representaciones legales, incurre en una conducta violatoria de los Cánones 21 y 38 del Código de Ética Profesional, *supra. In re Aponte Duchesne*, supra.

[16] *In re Aponte Duchesne*, supra; *In re Gordon Menéndez*, 183 DPR 628 (2011); *In re Torres Viera*, supra; *In re Ortiz Martínez*, 161 DPR 572 (2004); *In re Monge García*, 173 DPR 379 (2008); *In re Siverio Orta*, 117 DPR 14 (1986).

expresó arrepentimiento, entendemos adecuado censurarlo enérgicamente. No obstante, se le apercibe que de incurrir nuevamente en una conducta que viole los cánones del Código de Ética Profesional, estará sujeto a sanciones más drásticas.

## B. *Lcdo. Eugenio Rivera Lozada*

Al Lcdo. Eugenio Rivera Lozada se le imputa haber violado los Cánones 9, 12, 17, 21, 26, 35([17]) y 38 del Código de Ética Profesional, *supra*. Al respecto, adoptamos el Informe del Comisionado Especial.

El licenciado Rivera Lozada admitió implícitamente haber violado diversos cánones. Primero, violó el Canon 12. Esto por reconocer que no constató los hechos que le narró la Sra. Carmen F. Morales Maldonado con el expediente antes de la presentación del recurso de apelación. Por ello, incumplió con el deber de ser conciso y exacto en la presentación de las causas. Segundo, infringió el Canon 17 al certificar con su firma una información incorrecta, así como el deber de honradez y sinceridad recogido en el Canon 35. Tercero, violó el Canon 26 al presentar un recurso de apelación sin poder justificar dicho acto más allá de haber seguido las instrucciones de la clienta y no así su criterio profesional. Por otro lado, violó el Canon 21 por existir un conflicto de interés potencial al reasumir la representación legal de la parte demandante luego de haber presentado ante el Tribunal de Primera Instancia una moción para intervenir como parte en el procedimiento, de forma que se fijaran sus honorarios y gastos. Por último, el licenciado Rivera Lozada violó los Cánones 9 y 35 al no cumplir rigu-

---

([17]) Con relación a la imputación de que el licenciado Rivera Lozada violó el Canon 35 del Código de Ética Profesional, 4 LPRA Ap. IX, al indicar falsamente que representaba a todos los miembros de las Sucesiones de Gregorio Maldonado y de Belén Hernández, el Comisionado Especial concluyó que no se probó ese cargo, pues no existe en el expediente evidencia clara, robusta y convincente de que el letrado ofreció información incorrecta sobre las personas a quienes representaba. Tampoco existe evidencia clara, robusta y convincente de que presentó el recurso de apelación para poder cobrar sus honorarios.

rosamente con nuestra Orden de informar al Tribunal de Primera Instancia de su suspensión. Finalmente, concluimos que incurrió en una violación al Canon 38 al incumplir con el deber de esforzarse al máximo de su capacidad al notificar, bajo su firma en un escrito ante el tribunal, una relación de hechos incorrecta.

Por los fundamentos antes expuestos, *se suspende inmediata e indefinidamente del ejercicio de la abogacía al licenciado Rivera Lozada.* Asimismo, *se le impone el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, tiene la obligación de acreditar ante este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días a partir de la notificación de esta Opinión "per curiam" y Sentencia.*

*Se dictará Sentencia de conformidad.*