EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:<br><br>Eduardo M. Joglar Castillo<br>(TS-7,301) | 2022 TSPR 144<br><br>210 DPR ___ |
| --- | --- |

Número del Caso:  CP-2018-10


Fecha:  28 de noviembre de 2022


Oficina del Procurador General:

    Lcdo. Joseph Feldstein Del Valle
    Subprocurador General

    Lcda. María Delgado González
    Procuradora General Auxiliar

    Lcda. Yaizamarie Lugo Fontánez
    Procuradora General Auxiliar


Abogado del Querellado:

    Lcdo. Roberto Berríos Falcón


Comisionada Especial:

    Hon. Crisanta González Seda


Materia:  Conducta Profesional – Amonestación y apercibimiento por violación a los Cánones 35 y 38 del Código de Ética Profesional.


Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

Eduardo M. Joglar Castillo          CP-2018-10

*PER CURIAM*

En San Juan, Puerto Rico, a 28 de noviembre de 2022.

En el presente caso nos vemos obligados a ejercer nuestra facultad disciplinaria y, en consecuencia, amonestar y apercibir a un miembro de la profesión legal por quebrantar los principios deontológicos que recogen los Cánones 35 y 38 del Código de Ética Profesional, *infra*. Veamos.

I.

El Lcdo. Eduardo M. Joglar Castillo (en adelante, "licenciado Joglar Castillo") fue admitido al ejercicio de la abogacía el 17 de noviembre de 1981 y al ejercicio de la notaría el 27 de abril de 1982.

Allá para el 16 de junio de 2016, Advanced Wireless Communications, Inc. (en adelante, "Advanced") -- por conducto de su presidente, el Sr. Gerald A. Torres Nogueras (en adelante, "señor Torres Nogueras"), -- presentó ante este Tribunal una queja disciplinaria en contra del licenciado Joglar Castillo. En ésta, alegó que el referido letrado fue Presidente y abogado de Advanced desde el 7 de marzo de 2002 hasta el 4 de marzo de 2013, -- fecha en que le fue cursada una carta de terminación de empleo y cese de cualquier gestión en representación de dicha empresa --,[1] y que figuró en los libros corporativos de Advanced en calidad de agente residente hasta el 10 de febrero de 2016.

En síntesis, Advanced sostuvo que el 3 de noviembre de 2015 el licenciado Joglar Castillo, quien para esa fecha no era empleado de la referida corporación, en su carácter de agente residente, fue emplazado y recibió copia de cierta demanda instada en contra de Advanced,[2] pero que no fue sino hasta el 16 de diciembre de 2015 -- es decir, transcurridos 43 días desde que recibió los referidos documentos -- que notificó y remitió los mismos a esta última. La referida corporación expuso que, en ese pleito, el Tribunal de Primera Instancia le anotó la rebeldía y que, tanto dicho foro como

---

[1] A raíz de ello, el licenciado Joglar Castillo incoó dos pleitos: *Joglar v. AWCI, LLC y otros* (Civil Núm. KAC2013-0185) y *Joglar v. AWC y otros* (Civil Núm. KAC2013-0186). En ambos casos, el referido letrado reclamó, entre otros asuntos, la liquidación de su participación en AWCI, LLC y Advanced, respectivamente.

[2] *Nelson Gutiérrez Rodríguez v. AWC* (Civil Núm. A AC2015-0135).

el Tribunal de Apelaciones, le denegaron la solicitud de levantamiento de anotación de la misma.

Enterado de la queja en su contra, el referido letrado compareció ante nos y expresó que la conducta imputada no se dio en el contexto del ejercicio de la profesión legal, que actuó de forma diligente al recibir el emplazamiento y la demanda de referencia, y que el presente procedimiento disciplinario estaba siendo utilizado como mecanismo de presión.[3]

Examinada la queja, así como las comparecencias de las partes, el 20 de marzo de 2017 esta Curia notificó una *Resolución* por virtud de la cual refirió el presente asunto disciplinario a la Oficina del Procurador General. Lo anterior, para que realizara la investigación de rigor y nos sometiera el informe correspondiente.

Posteriormente, el 5 de abril de 2017 para ser exactos, Advanced presentó una *Moción jurada suplementando queja ética e informando sobre descalificación de Lcdo. Enrique Mendoza como abogado del promovido*. En su escrito, la referida corporación adujo que -- en cierto litigio pendiente en contra de éste, Caso Civil Núm. KAC2013-0186 -- advino en conocimiento de ciertas actuaciones adicionales incurridas

---

[3] En específico, el licenciado Joglar Castillo señaló que, en el Caso Civil Núm. AC2015-0135, el foro apelativo intermedio sustentó su denegatoria al levantamiento de la anotación de rebeldía de Advanced en que dicha entidad corporativa fue emplazada conforme a derecho a través de quien era su agente residente para la fecha y que no le acreditó al tribunal que tuviese una buena defensa en los méritos. Además, dicho foro sentenció que la referida corporación admitió que, por error involuntario, no gestionó el cambio de agente residente ante el Departamento de Estado.

por el licenciado Joglar Castillo que, a su juicio, constituían una violación a los Cánones 35 y 38 del Código de Ética Profesional, *infra*.

Específicamente, Advanced arguyó que el referido letrado, dueño de IWorld, se apropió de un teléfono celular que el Sr. Luiz A. Penna (en adelante, "señor Penna"), accionista y secretario de Advanced, le vendió al aludido negocio y, de esta manera, tuvo acceso a correos electrónicos y documentos privilegiados y confidenciales sobre estrategias de litigio, secretos de negocio y proyecciones financieras de Advanced almacenadas en dicho dispositivo móvil, los cuales el licenciado Joglar Castillo guardó y posteriormente entregó a quien era su representante legal en ese momento. Asimismo, expresó que el referido letrado admitió tales hechos en cierta *Declaración Jurada* otorgada por éste el 24 de agosto de 2016,[4] lo cual resultó en la

---

[4] En lo pertinente, el licenciado Joglar Castillo manifestó en la *Declaración Jurada* lo siguiente:

> 3. El Sr. Luiz Penna acudió al negocio IWorld y vendió su teléfono celular por $100.00.
>
> 4. Soy uno de los dueños de ese negocio.
>
> 5. El Sr. Penna vendió su teléfono con toda su información en el mismo. Dicha información contenía los documentos producidos.
>
> 6. **Mi socio en IWorld, el Sr. Luis Daniel Batista me entregó el teléfono.**
>
> 7. **Al darme cuenta de que algunos documentos trataban asuntos de la corporación en la cual poseo una tercera parte de las acciones, imprimí algunos, pero luego los descarté. Sin embargo, varios documentos (los producidos), por error, quedaron en la caja de documentos del caso la cual tenía en mis oficinas. No le di importancia alguna a los documentos. El teléfono fue vendido, intacto o en piezas no tenemos constancia.**

descalificación de su representación legal en el Caso Civil Núm. KAC2013-0186.[5]

Así las cosas, y luego de realizar la correspondiente investigación en el marco de todas las alegaciones antes descritas, el 30 de agosto de 2017 la Oficina del Procurador General presentó su *Informe* a este Tribunal. En su escrito, dicha dependencia gubernamental concluyó que, aun cuando la conducta incurrida por el licenciado Joglar Castillo no se dio en el contexto de su desempeño como abogado, éste sí incurrió en serias violaciones a los Cánones 35 y 38 del Código de Ética Profesional, *infra*, tras razonar que sus actuaciones fueron "deshonrosas y no son dignas de la profesión". Véase, *Informe del Procurador General*, pág. 13.

---

8. Entregué la caja de documentos a la oficina del Lic. Enrique J. Mendoza Méndez, donde evidentemente se copió su contenido en ocasión de la producción de documentos. No los mostré ni los discutí con el Lic. Enrique J. Mendoza Méndez.

9. **Los documentos producidos a la parte demandada fueron voluminosos, razón por la cual en mi deposición del 28 de junio de 2016 no reconocí los documentos como parte de la producción ni su procedencia.**

10. **Sin embargo, luego de revisar, subsiguiente a la deposición lo producido, puedo afirmar que son parte de los documentos que el Sr. Luiz Penna entregó en su teléfono cuando lo vendió. Ciertamente, el yo no reconocer los documentos ante el hecho cierto que los produjimos en el caso me obligó a buscar en la caja de documentos y cuando me topé con ellos pude ubicarlos en mi mente como algunos de aquellos que fueron entregados por el Sr. Penna cuando vendió su teléfono celular. La explicación es que no tenían importancia alguna y por ello no lo recordé.** (Énfasis suplido). Véase, *Declaración Jurada* suscrita por el licenciado Joglar Castillo el 24 de agosto de 2016.

[5] El Tribunal de Primera Instancia fundamentó la descalificación del Bufete Mendoza Law Offices -- representación legal del licenciado Joglar Castillo -- en la mera apariencia de conducta impropia respecto a la forma en que los documentos de referencia fueron obtenidos.

Luego de varios incidentes procesales no necesarios aquí pormenorizar,[6] el 8 de diciembre de 2017 el referido letrado presentó una *Oposición al Informe del Procurador General*. En esencia, éste negó haber incurrido en violación alguna al Código de Ética Profesional, *infra*, y solicitó el archivo de la queja. Particularmente, subrayó que nunca fue abogado de Advanced y que no tenía comunicación alguna con los miembros de la mencionada corporación. A su vez, reiteró que, a su modo de ver, el emplazamiento que le fue cursado era inoficioso y afirmó que cualquier daño sufrido por Advanced era autoinfligido tras ésta no gestionar oportunamente el cambio de agente residente ante el Departamento de Estado.

Respecto a los documentos obtenidos del teléfono celular que el señor Penna vendió a IWorld, el licenciado Joglar Castillo manifestó que tenía derecho a esa información por ser uno de los accionistas de Advanced; que ninguno de los documentos era privilegiado y que, de ello sostenerse en la afirmativa, entonces el señor Penna y la referida empresa renunciaron al privilegio abogado-cliente; que imprimió algunos documentos del teléfono celular en cuestión, pero por inadvertencia no destruyó aquellos que fueron producidos como parte del descubrimiento de prueba; y que la deposición

---

[6] En particular, el 25 de octubre de 2017 Advanced presentó una *Moción solicitando recomendación de desestimación*. En su escrito, dicha entidad suplicó que este Tribunal auscultara la posibilidad de recomendarle al Tribunal de Primera Instancia que desestimara con perjuicio las dos demandas incoadas por el licenciado Joglar Castillo en su contra. El referido letrado se opuso a la aludida moción el 8 de diciembre de 2017. En resumen, éste alegó que Advanced utilizaba el presente proceso disciplinario para oprimirlo y despojarlo de su propiedad obligándolo a transigir las reclamaciones, así como mecanismo alterno de los procesos que se ventilaban entre las partes ante los foros judiciales.

que le fue tomada era inconclusa, pues aún no había finalizado.

Por su parte, el 27 de diciembre de 2017 Advanced sometió una *Breve réplica a oposición a Informe del Procurador General*. En suma, reiteró que el referido letrado fungió como abogado de dicha corporación y nos solicitó que acogiéramos las recomendaciones del Procurador General tal cual esbozadas en su *Informe*.

Así pues, evaluado el *Informe del Procurador General*, así como los escritos presentados por las partes, el 26 de enero de 2018 este Tribunal ordenó a la Oficina del Procurador General a presentar la correspondiente querella.

En cumplimiento con lo anterior, el 11 de mayo de 2018 dicha dependencia gubernamental presentó cierta *Querella* en la cual le imputó al licenciado Joglar Castillo dos (2) cargos por violación a los Cánones 35 y 38 del Código de Ética Profesional, *infra*. En específico, la Oficina del Procurador General señaló lo siguiente:

> PRIMER Y SEGUNDO CARGO: El licenciado Eduardo M. Joglar Castillo infringió los preceptos de los Cánones 35 y 38 de Ética Profesional, al no ser sincero ni honrado, al utilizar medios inconsistentes con la verdad, así como al inducir al juzgador a error utilizando artificios o una falsa relación de los hechos o del derecho, y al no exaltar el honor ni la dignidad de la profesión, no evitar hasta la apariencia de conducta profesional impropia y, en su conducta como funcionario del tribunal, al no interesarse en hacer su propia y cabal aportación hacia la consecución de una mejor administración de la justicia. Esto al omitir la oportuna notificación de una demanda y emplazamiento a [Advanced], sobre quien era agente residente y había sido previamente su abogado, ocasionándole la anotación de rebeldía

en el pleito. Además, al declarar bajo juramento desconocer la procedencia de unos documentos que entregó como parte de la producción de un caso, sobre lo cual posteriormente declaró específicamente saber cómo habían llegado a sus manos. Esto aparte de que el método de obtención y uso para beneficio personal de esos documentos, algunos privilegiados o confidenciales, resulta en una falta de sinceridad y honradez del querellado.

Enterado de la querella en su contra, el 23 de julio de 2018 el referido letrado presentó su contestación a la misma. En resumen, sostuvo que Advanced se autoinfligió el daño al no realizar las gestiones pertinentes para el cambio oportuno de su agente residente y reiteró que entendía que el emplazamiento en su persona era inoficioso.

Con relación a los documentos obtenidos del teléfono celular del señor Penna, el licenciado Joglar Castillo insistió en que desconocía la procedencia de éstos al momento en que se le preguntó por ello en la deposición tomada en el Caso Civil Núm. KAC2013-0186, pues la producción en dicho pleito fue voluminosa y había transcurrido más de un (1) año desde la venta del teléfono celular a IWorld. No obstante, el referido letrado indicó que posteriormente se percató de su origen y así lo hizo constar en una declaración jurada prestada a esos fines.

De igual manera, el licenciado Joglar Castillo expresó que la Oficina del Procurador General determinó que tales documentos eran privilegiados o confidenciales sin siquiera examinarlos ni brindarle deferencia a la determinación previa del foro primario respecto a la descalificación de su representación legal en el Caso Civil Núm. KAC2013-0186.

Así pues, tras examinar la querella y la contestación a ésta por parte del referido letrado, el 15 de septiembre de 2021 esta Curia designó a la Hon. Crisanta González Seda, exjueza del Tribunal de Primera Instancia, como Comisionada Especial (en adelante, "Comisionada") en el procedimiento disciplinario de epígrafe. Ésta tendría la función de recibir la prueba relacionada al presente proceso disciplinario, realizar las conclusiones de derecho y presentarnos el informe de rigor.

De conformidad con la tarea delegada, el 8 de diciembre de 2021 la Comisionada llamó este caso para vista.[7] En ésta, la Oficina del Procurador General presentó como prueba testifical los testimonios del señor Torres Nogueras, el señor Penna y la Lcda. Yahira Caro Domínguez, esta última representante legal de Advanced. Por su parte, el licenciado Joglar Castillo presentó como prueba testifical su propio testimonio y el del Sr. Daniel Batista Ventura (en adelante, "señor Batista Ventura"), quien fuera su socio del negocio IWorld.

Evaluada la prueba testifical y documental, así como las alegaciones y las argumentaciones finales de ambas partes en el presente proceso disciplinario, el 24 de marzo de 2022

---

[7] En igual fecha, el licenciado Joglar Castillo presentó una *Moción sobre desestimación bajo la Regla 14 del Reglamento del Tribunal Supremo*. A través de este escrito, en esencia, solicitó la desestimación de la queja de epígrafe por entender que el señor Torres Nogueras carecía de capacidad representativa que le permitiera juramentar la misma. Sin embargo, ello no nos convence. Se trata aquí, pues, de una persona -- en este caso, el señor Torres Nogueras -- con conocimiento personal de los hechos que originaron el presente procedimiento disciplinario.

la Comisionada presentó su *Informe* a este Tribunal. En éste, concluyó que, en efecto, el referido letrado infringió los Cánones 35 y 38 del Código de Ética Profesional, *infra*. No obstante, para el momento en que fuésemos a imponer algún tipo de sanción, nos recomendó tomar en consideración que el licenciado Joglar Castillo no había tenido ningún otro señalamiento ético en su carrera profesional -- una de 40 años -- y aceptó que no debió actuar como lo hizo.

Oportunamente, el referido letrado presentó su *Oposición al Informe de la Comisionada Especial* en el caso de marras. Dicho escrito fue notificado a todas las partes con interés en el presente proceso disciplinario.

Examinado el cuadro fáctico que antecede, procedemos, pues, a exponer los fundamentos en derecho en los cuales se sostiene nuestra determinación en el proceso disciplinario de autos.

II.

A.

Como es sabido, el Código de Ética Profesional, 4 LPRA Ap. IX, establece las normas mínimas de conducta que rigen las actuaciones de los abogados y las abogadas, tanto en el desempeño de su delicada e importante labor profesional, como en otras actividades en las que se desenvuelven. *In re Lugo Quiñones I*, 206 DPR 1, 9 (2021); *In re Ortiz, Rivera*, 195 DPR 122, 131 (2016); *In re Rodríguez Cora*, 193 DPR 447, 454 (2015). En ese sentido, los cánones preceptuados en este código constituyen "un compromiso constante para con la

sociedad puertorriqueña". *In re Franco Rivera*, 169 DPR 237, 259 (2006). Véase, también, *In re Colberg Trigo*, 169 DPR 107, 119 (2006); *In re Fernández de Ruiz*, 167 DPR 661, 675 (2006).

**Así también, es meritorio puntualizar que, si bien la mayoría de las "pautas que prescribe el Código de Ética Profesional se circunscriben a regular el desempeño del letrado [y de la letrada] en su faceta profesional, los principios que comprenden los Cánones 35 y 38 trascienden su alcance hasta el ámbito privado".** (Énfasis suplido). *In re Ramírez Salcedo*, 196 DPR 136, 148 (2016). Véase, además, *In re Astacio Caraballo*, 149 DPR 790, 798-799 (1999). Es, pues, a la luz de ambos cánones que examinamos la conducta imputada al licenciado Joglar Castillo.

B.

En esa dirección, precisa señalar aquí que el Canon 35 del Código de Ética Profesional, 4 LPRA Ap. IX, C. 35, impone a los miembros de la profesión legal el deber de conducirse con integridad, sinceridad y honradez ante los tribunales, para con sus representados y en las relaciones con sus compañeros y compañeras. *In re Maldonado De Jesús*, 2022 TSPR 6, 208 DPR ___ (2022); *In re Charbonier Laureano*, 204 DPR 351, 364 (2020); *In re Ramírez Salcedo*, *supra*, pág. 149. **En consecuencia, para actuar de conformidad con el mandato prescrito en este canon, los abogados y las abogadas deben asegurarse de no proveer información falsa o incompatible con la verdad y de no ocultar información cierta que deba ser revelada.** *In re Ortiz Sánchez*, 201 DPR 765, 781 (2019);

*In re Ramírez Salcedo*, *supra*; *In re Astacio Caraballo*, *supra*, pág. 798.

Al respecto, hemos sentenciado que, -- para transgredir el Canon 35 del Código de Ética Profesional, *supra*, -- lo fundamental es que se falte objetivamente a los valores de sinceridad y honradez, pilares fundamentales de la profesión legal. *In re Lugo Quiñones I*, *supra*, pág. 12; *In re Charbonier Laureano*, *supra*; *In re Ramírez Salcedo*, *supra*. En otras palabras, para infringir esta norma, es innecesario el elemento deliberativo o la intención de defraudar o engañar. *In re Maldonado De Jesús*, *supra*; *In re Peña Ríos*, 202 DPR 5, 19 (2019); *In re Reyes Coreano*, 190 DPR 739, 756 (2014). En tal sentido, no se considerarán defensas el no haber actuado de mala fe, deliberadamente, sin intención de engañar o defraudar ni la ausencia de daño o perjuicio a terceras personas. *Íd.*

Recuérdese que el ejercicio de la profesión legal se fundamenta en la búsqueda de la verdad. *In re Lugo Quiñones I*, *supra*; *In re Ramírez Salcedo*, *supra*, pág. 148; *In re Sierra Arce*, 192 DPR 140, 147 (2014). Por eso, la trascendencia del Canon 35 del Código de Ética Profesional, *supra*, estriba en que la verdad es un atributo inseparable de los abogados y las abogadas y, sin ella, la profesión jurídica no podría justificar su existencia. *In re Ramos Sáenz*, 205 DPR 1089, 1101 (2020); *In re Peña Ríos*, *supra*; *In re Sierra Arce*, *supra*.

C.

De otra parte, y por ser también de particular importancia para la correcta disposición de los asuntos disciplinarios ante nuestra consideración, conviene mencionar que el Canon 38 del Código de Ética Profesional, 4 LPRA Ap. IX, C. 38, recoge los valores principales con los cuales debe cumplir un abogado o una abogada en el desempeño de su gestión profesional y en su vida privada, a saber, el honor y la dignidad. *In re Maldonado De Jesús*, *supra*; *In re Raffucci Caro*, 206 DPR 589, 611 (2021); *In re Radinson Pérez et al.*, 204 DPR 522, 541 (2020). **Entre otras cosas, el precitado canon instituye el deber de todo abogado y toda abogada de exaltar el honor y la dignidad de la profesión legal, aunque el así hacerlo conlleve sacrificios personales, y debe evitar hasta la apariencia de conducta profesional impropia.** 4 LPRA Ap. IX, C. 38.

De conformidad con lo antes expuesto, los abogados y las abogadas tienen la responsabilidad moral y ética de examinar su comportamiento continuamente. *In re Ramos Sáenz*, *supra*, pág. 1102; *In re Colón Ortiz*, 204 DPR 452, 460 (2020); *In re Díaz Rosado I*, 198 DPR 412, 416 (2017). De hecho, este Tribunal ha reiterado que, por ser los abogados y las abogadas el espejo donde se refleja la imagen de la profesión, éstos y éstas deben actuar con el más escrupuloso sentido de responsabilidad que impone la función social que ejercen. Véase, *In re Stacholy Ramos*, 207 DPR 521, 531 (2021); *In re Ramos Sáenz*, *supra*, pág. 1102; *In re Colón*

*Ortiz*, *supra*. "Ello, pues, son la imagen misma de todo el andamiaje de nuestro sistema de justicia". *In re Ramos Sáenz*, *supra*.

**Cónsono con ello, es norma establecida en nuestra jurisdicción que los miembros de la profesión legal pueden ser sancionados por actuaciones que no necesariamente surjan de su desempeño profesional, sino que basta con que éstas afecten sus cualidades morales o que los hagan indignos de pertenecer al foro.** *In re Suárez Jiménez*, 192 DPR 152, 164 (2014); *In re Meléndez Rivera*, 187 DPR 724, 728-729 (2013); *In re Rodríguez Vázquez*, 176 DPR 168, 177 (2009). Por lo tanto, para establecer si un abogado o una abogada incurrió en violación al referido canon, es forzoso evaluar si la conducta verdaderamente afecta sus condiciones morales. *In re Rodríguez López*, 196 DPR 199, 208 (2016); *In re Reyes Coreano*, *supra*, pág. 758; *In re Bermúdez Meléndez*, 198 DPR 900, 908 (2017).

III.

Establecido lo anterior, en temas relacionados, es menester destacar que, de ordinario, las determinaciones de hecho que realice el Comisionado o la Comisionada Especial -- en procesos como el aquí bajo estudio -- gozarán de deferencia y serán sostenidas por esta Curia, salvo que medie prejuicio, parcialidad o error manifiesto. *In re Meléndez Mulero*, 2022 TSPR 3, 208 DPR ___ (2022); *In re Colón Ortiz*, *supra*, págs. 460-461; *In re Franco Rivera*, 203 DPR 770, 779 (2019). Esta norma "aplica, principalmente, cuando el

Comisionado [o la Comisionada] Especial tiene la oportunidad de escuchar a los testigos, porque se encuentra en mejor posición para aquilatar dicha prueba". *In re Curras Ortiz*, 174 DPR 502, 516 (2008).

Después de todo, estos y estas funcionarias son las personas a quienes esta Curia ha delegado la encomienda de celebrar la vista, investigar, recibir y evaluar la prueba, así como preparar el informe de rigor de modo que, en esencia, se encuentran en una posición similar a la que ocupan los jueces y juezas en los foros judiciales primarios. Véase, *In re Franco Rivera*, *supra*; *In re Soto Aguilú*, 202 DPR 137, 145-146 (2019); *In re Peña Ríos*, *supra*, pág. 20.

IV.

Por último, y previo a disponer del presente proceso disciplinario, es preciso destacar que, al fijar una sanción disciplinaria por violaciones a los cánones del Código de Ética Profesional, *supra*, este Tribunal debe considerar los siguientes factores: 1) la reputación del abogado o de la abogada en la comunidad; 2) su historial disciplinario previo; 3) si se trata de su primera infracción; 4) si ninguna parte ha resultado perjudicada; 5) la aceptación de la falta y su sincero arrepentimiento; 6) si se trata de una conducta aislada; 7) si medió ánimo de lucro en su actuación; 8) el resarcimiento al cliente, y 9) cualquier otra consideración, ya sea atenuante o agravante, que surja de los hechos. Véase, *In re Vélez Torres*, 2022 TSPR 79, 209 DPR ___ (2022); *In re*

*Stacholy Ramos*, *supra*; *In re Radinson Pérez et al.*, *supra*, pág. 542.

Es, pues, a la luz de la normativa deontológica antes expuesta que procedemos a disponer del proceso disciplinario que nos ocupa.

V.

Como mencionamos anteriormente, el presente proceso disciplinario fue referido ante una Comisionada Especial, quien tuvo la oportunidad de examinar cuidadosa y detenidamente la prueba presentada, y de hacer sus correspondientes determinaciones de hechos y conclusiones de derecho. En su *Informe*, la Comisionada concluyó que, con su conducta, el licenciado Joglar Castillo infringió los Cánones 35 y 38 del Código de Ética Profesional, *supra*. Coincidimos.

Y es que, según ha apuntalado la Comisionada en su *Informe*, y como se desprende del expediente ante nuestra consideración, no hay duda que el referido letrado incurrió en actuaciones contrarias a los preceptos éticos recogidos en los Cánones 35 y 38 del Código de Ética Profesional, *supra*. Nos explicamos.

En primer lugar, y en lo aquí pertinente, no existe controversia alguna respecto a que el licenciado Joglar Castillo recibió una demanda y fue emplazado como agente residente de Advanced, -- cuando ya no era empleado de ésta --, y que remitió estos documentos a la referida corporación transcurridos 43 días desde la fecha en que los recibió. Esto ocasionó, como adelantamos, que le fuera anotada la rebeldía

a Advanced por no presentar su contestación a la demanda dentro del término provisto para ello en nuestro ordenamiento jurídico.

Por otra parte, y en lo relativo a las actuaciones del referido letrado -- en el Caso Civil Núm. KAC2013-0186 -- respecto a los documentos extraídos del teléfono celular del señor Penna, surge del expediente que, en una primera instancia, y en cierta deposición que le fue tomada, éste declaró desconocer la procedencia de los mismos. Así también, consta en el expediente que, posterior a ello, el referido letrado suscribió una declaración jurada por virtud de la cual aseveró que, luego de haber prestado la deposición, recordó y reconoció los documentos y correos electrónicos que le fueron inquiridos en la deposición. Ello, como mínimo, nos resulta difícil de comprender.

Así pues, según expuso la Comisionada en su respectivo *Informe*, no albergamos duda que -- como abogado con más de 40 años en el ejercicio de la profesión legal -- el licenciado Joglar Castillo conocía las consecuencias legales que podía acarrear el no informar ni remitir oportunamente a Advanced la demanda y el emplazamiento diligenciado en su persona. Por igual, las actuaciones del referido letrado, -- en el contexto de cierto litigio en el que fungía como parte --, de negar inicialmente bajo juramento que desconocía la procedencia de los documentos antes señalados, -- que, a todas luces, sí conocía -- revela una falta de sinceridad y

honradez. Tal conducta no puede ser tolerada por este Tribunal.

En fin, las infracciones del licenciado Joglar Castillo a lo dispuesto en los Cánones 35 y 38 del Código de Ética Profesional, *supra*, quedaron, a todas luces, establecidas con prueba clara, robusta y convincente que consta en el expediente ante nos. Éste, lejos de ceñirse a los deberes de sinceridad y honradez que debe tener presente todo abogado y abogada tanto en el contexto profesional como en su vida privada, y a la preservación del honor y la dignidad de la profesión legal, incurrió en serias violaciones a los cánones de referencia y ello merece el rechazo de este Tribunal.

Ahora bien, dicho esto, es menester señalar que, al determinar la sanción que hoy se le impone al letrado de epígrafe, consideramos que éste no ha sido objeto de señalamientos previos durante sus 40 años en el ejercicio de la profesión legal. Además, tomamos en cuenta que el licenciado Joglar Castillo aceptó que no debió actuar de la manera en que lo hizo respecto a la entrega de la demanda y el emplazamiento diligenciado en su persona.[8]

## VI.

Es pues, por todo lo anterior, que coincidimos con las conclusiones realizadas por la Oficina del Procurador General y la Comisionada Especial en sus respectivos informes en

---

[8] De igual forma, no podemos pasar por alto que, bien pudo Advanced realizar las gestiones de rigor para retirar al referido letrado como su agente residente una vez decidió despedirlo de su empleo.

cuanto a que el licenciado Joglar Castillo infringió los Cánones 35 y 38 del Código de Ética Profesional, *supra*.

Siendo ello así, y en virtud de nuestro poder inherente de reglamentar la profesión legal, amonestamos al licenciado Joglar Castillo por la conducta desplegada y le apercibimos de su deber de observar de forma escrupulosa los principios deontológicos que se recogen en el Código de Ética Profesional, *supra*. Asimismo, le apercibimos también que, de incurrir en cualquier otra actuación que contravenga las normas antes señaladas, estará expuesto a sanciones disciplinarias más severas.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

Eduardo M. Joglar Castillo      CP-2018-10

SENTENCIA

En San Juan, Puerto Rico, a 28 de noviembre de 2022.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, amonestamos al Lcdo. Eduardo M. Joglar Castillo por la conducta desplegada y le apercibimos de su deber de observar de forma escrupulosa los principios deontológicos que se recogen en los Cánones 35 y 38 del Código de Ética Profesional.

Asimismo, le apercibimos también que, de incurrir en cualquier otra actuación que contravenga las normas antes señaladas, estará expuesto a sanciones disciplinarias más severas.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.

Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo